**SO ORDERED.**
**SIGNED this 24 day of April, 2019.**

_____
**Joseph N. Callaway**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## GREENVILLE DIVISION

| | |
|---|---|
| IN RE: | |
| | Case No. 19-01697-5-JNC |
| CAH ACQUISITION COMPANY 12, LLC, d/b/a FAIRFAX COMMUNITY HOSPITAL, | Chapter 11 |
| Debtor. | |

## ORDER AUTHORIZING TRUSTEE TO PAY WAGES ACCRUED PRE-PETITION

THIS MATTER coming on for hearing on before the United States Bankruptcy Court on April 23, 2019 upon the Debtor-in Possession's Emergency Motion Pursuant to 11 U.S.C. §§ 105(a), 363(b) and 507(a) for Authority to Pay Prepetition Wages, and it appearing to the Court as follows:

1.  The Debtor-in-Possession filed its petition for relief under Chapter 11 of the United States Bankruptcy Code on April 1, 2019 in the Northern District of Oklahoma, Case No. 19-01641 (hereinafter "NDOK Case"). On April 12, 2019, the NDOK Case was transferred to the

Eastern District of North Carolina. Thomas W. Waldrep, Jr. has been appointed as interim Chapter 11 Trustee in the transferred case.

2. On April 3, 2019, the Debtor-in-Possession filed the Emergency Motion Pursuant to 11 U.S.C. §§ 105(a), 363(b) and 507(a) for Authority to Pay Prepetition Wages in the NDOK case seeking an order allowing it to pay prepetition wages in the amount of $108,109.00 for the March 29th payroll and $77,298.00 for the April 12th payroll. The April 12th payroll also included five (5) days of post-petition payroll which totaled $47,027.00 in additional wages owed by the Debtor.

3. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157.

4. The Debtor-in-Possession requested authority to honor and pay obligations for work performed pre-petition. This pre-petition work caused wage claimants to accrue gross wages which would not be paid in the ordinary course of business until after the filing of the petition. Based upon the normal pay cycles for the payment of wages and salaries, the Debtor is duly obligated for the accrued prepetition gross wages.

5. A necessity of authorization of payment exists in this case in order to prevent immediate and irreparable harm to this reorganization in an amount greatly in excess of the funds the Trustee seeks to have authority to pay, and such authorization of payment is essential to maximize the return to creditors in this case. If the Trustee were to fail to make all wage payments requested herein, then the affected employees would not be willing to provide further assistance to the Trustee. The authorization sought herein will also minimize the personal hardship on the affected employees that would result from non-payment.

6. The authorization of payment as requested herein is in the best interest of creditors, the Estate, the Debtor's employees, and is essential to the successful reorganization of the Debtor. The Court has the authority to authorize payment of claims described in the foregoing Motion to the extent they are determined to be pre-petition claims under the circumstances set out herein pursuant to the authority granted to the Bankruptcy Court under Title 11 of the United States Code, including 11 U.S.C. §§ 105, 363, 507, 1107 and 1108.

WHEREFORE, based upon the foregoing Findings of Fact and Conclusions of Law, the Court hereby ORDERS:

1. The Trustee is authorized to pay pre-petition employee claims for wages that accrued but remain unpaid as of the Petition Date in the amount of $185,407.00 to the extent that (a) that claim was incurred 180 days before the Petition Date; (b) that the claim does not exceed the priority amount set forth in 11 U.S.C § 507(a)(4); and (c) that such affected employees continue to provide services to the Trustee in this bankruptcy case.

2. The Trustee is authorized to pay and remit all related federal and state withholding taxes.

END OF DOCUMENT