**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| **CAH ACQUISITION COMPANY 16, LLC, d/b/a HASKELL COUNTY COMMUNITY HOSPITAL** | **Case No. 19-01227-5-JNC**<br><br>**Chapter 11** |
| **CAH ACQUISITION COMPANY 12, LLC, d/b/a FAIRFAX COMMUNITY HOSPITAL** | **Case No. 19-01697-5-JNC**<br><br>**Chapter 11** |
| **CAH ACQUISITION COMPANY 7, LLC, d/b/a PRAGUE COMMUNITY HOSPITAL,**<br><br>Debtors. | **Case No. 19-01298-5-JNC**<br><br>**Chapter 11** |

**APPLICATION OF PATIENT CARE OMBUDSMAN FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF GREENBERG TRAURIG, LLP AS COUNSEL, *NUNC PRO TUNC* AS OF MAY 14, 2019**

Suzanne Koenig, the patient care ombudsman (the "**Ombudsman**") appointed in the Chapter 11 cases of CAH Acquisition Company 16, LLC, Case No. 15-01227-5, CAH Acquisition Company 12, LLC, Case No. 19-01697-5, and CAH Acquisition Company 7, LLC , Case No. 19-01298-5 (collectively, the "**Cases**"), submits this application (the "**Application**") for entry of an Order, pursuant to sections 105, 330 and 333 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the retention and employment of the law firm of Greenberg Traurig, LLP ("**Greenberg Traurig**"), as counsel for the Ombudsman, *nunc pro tunc* as of May 14, 2019. The facts and circumstances supporting this Application are as set forth herein and in the Affidavit of Nancy A. Peterman in Support of the Application (the "**Peterman Affidavit**") annexed hereto as **Exhibit A** and incorporated herein by reference. In further support of this Application, the Ombudsman respectfully represents as follows:

*ADMIN 35297516v3*

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      The statutory predicates for the relief sought herein are sections 105, 330 and 333 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016.

## BACKGROUND

3.      On March 17, 2019, CAH Acquisition Company 16, LLC ("**CAH 16**") filed a petition for relief under Chapter 11 of the United States Bankruptcy Code. Thomas W. Waldrep, Jr. was appointed as Chapter 11 Trustee on March 18, 2019.

4.      On March 17, 2019, CAH Acquisition Company 12, LLC ("**CAH 12**") filed a petition for relief under Chapter 11 of the United States Bankruptcy Code. Thomas W. Waldrep, Jr. was appointed as Chapter 11 Trustee on March 18, 2019.

5.      On March 17, 2019, CAH Acquisition Company 7, LLC ("**CAH 7,**" collectively, with CAH 4, CAH 16 and CAH 12, the "**Debtors**") filed a petition for relief under Chapter 11 of the United States Bankruptcy Code. Thomas W. Waldrep, Jr. was appointed as Chapter 11 Trustee on March 18, 2019.

6.      On April 9, 2019, the Bankruptcy Administrator filed a report and recommendation regarding the appointment of a patient care ombudsman [Docket No. 113].

7.      On April 17, 2019, the Court entered an order regarding the appointment of a patient care ombudsman under section 333 of the Bankruptcy Code and appointed Suzanne Koenig of SAK Management Services, LLC ("**SAK**") as the Ombudsman [Docket No. 158] for CAH 16, Case No. 15-01227-5.

2

8.      On April 26, 2019, the Bankruptcy Administrator filed a Notice of Appointment of Patient Care Ombudsman under section 333 of the Bankruptcy Code for CAH 12, LLC, Case No. 19-01697-5 and CAH 7, LLC, Case No. 19-01298-5.

## RELIEF REQUESTED

9.      By this Application, the Ombudsman respectfully requests that this Court enter an Order authorizing the Ombudsman to employ and retain Greenberg Traurig as her counsel, pursuant to sections 105, 330 and 333 of the Bankruptcy Code, *nunc pro tunc* as of May 14, 2019.

10.     The Ombudsman has determined that Greenberg Traurig has the resources and experience necessary to represent her in these Cases.  Greenberg Traurig has represented the Ombudsman in other cases, including *In re New York Westchester Square Medical Center*, Chapter 11 Case No. 06-13050 (Bankr. S.D.N.Y.); *In re Brotman Medical Center Inc.*, Case No. 07-19705 (Bankr. C.D. Cal.); *In re Meridian Behavioral Health, LLC*, Case No. 11-10860 (Bankr. S.D.N.Y.), *In re Christ Hospital*, Case No. 12-12906 (Bankr. D. N.J.); *In re ICL Holding Company, Inc., et al.*, Case No. 12-13319 (Bankr. D. Del.); *In re Horizon Health Center, Inc.*, Case No. 13-26348 (Bankr. D. N.J.); *In re Fairmont General Hospital, Inc., et al.*, Case No. 13-01054 (Bankr. N.D. W. Va.) and *In re Curae Health, Inc.*, Case No. 18-05665 (Bankr. M.D. Tenn.). Given the nature of these Cases and the specific duties of the Ombudsman required under section 333 of the Bankruptcy Code, the Ombudsman believes that retention of Greenberg Traurig is appropriate and will result in efficiencies given these past representations.

## SCOPE OF EMPLOYMENT

11.     The professional services that the Ombudsman expects Greenberg Traurig to render include, but shall not be limited to, the following:

(a)      Representing the Ombudsman in any proceeding or hearing in the Bankruptcy Court, and in any action in other courts where the rights of the patients may be litigated or affected as a result of these Cases;

3

ADMIN 35297516v3

(b)     Advising the Ombudsman concerning the requirements of the Bankruptcy Code and Bankruptcy Rules relating to the discharge of her duties under section 333 of the Bankruptcy Code;

(c)     Advising and representing the Ombudsman in evaluating any patient or healthcare related issues, including, in connection with any sale, reorganization or liquidation; and

(d)     Performing such other legal services as may be required under the circumstances of these Cases in accordance with the Ombudsman's powers and duties as set forth in the Bankruptcy Code, including assisting the Ombudsman with reports to the Court, fee applications or other matters.

12.     Subject to the Court's approval of this Application, Greenberg Traurig has indicated that it is willing to serve as the Ombudsman's counsel in these Cases to perform the services described above.

## GREENBERG TRAURIG DOES NOT HOLD OR REPRESENT ANY ADVERSE INTEREST

13.     As set forth in greater detail in the Peterman Affidavit, Greenberg Traurig has completed a conflict check on names set forth on **Exhibit 1** to the Peterman Affidavit (collectively, the "**Potentially Interested Parties**"). As counsel to the Ombudsman, Greenberg Traurig does not believe it would be adverse to any of the parties. Out of an abundance of caution, Greenberg Traurig has attached as **Exhibit 2** to the Peterman Affidavit a list of its connections with the Potentially Interested Parties (as defined in the Peterman Affidavit).

14.     To the best of the Ombudsman's knowledge, based upon the Peterman Affidavit and except as set forth herein, Greenberg Traurig (a) does not hold or represent any interest adverse to the Debtors or its chapter 11 estates, its creditors or any other party in interest, and (b) is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code. Because Greenberg Traurig is a large firm with an international practice, the Ombudsman is aware that

4

ADMIN 35297516v3

Greenberg Traurig may represent, or may have represented, certain creditors of the Debtors' estates or other parties in interest in matters unrelated to the Debtors or these Cases.

15.     To the best of the Ombudsman's knowledge, (a) Greenberg Traurig's connections with those parties listed as Potentially Interested Parties (as defined in the Peterman Affidavit) are disclosed in the Peterman Affidavit and (b) the Greenberg Traurig professionals who will work on this matter are not relatives of the Honorable Joseph N. Callaway, the Bankruptcy Judge presiding over these Cases, or the Bankruptcy Administrator.

## COMPENSATION AND REIMBURSEMENT OF EXPENSES

16.     Subject to the Court's approval, and in accordance with section 330 of the Bankruptcy Code, the Bankruptcy Rules, orders of the Court and the rules and other procedures that may be fixed by the Court, the Ombudsman requests that Greenberg Traurig be compensated on an hourly basis, in accordance with the ordinary and customary rates which are in effect on the date the services are rendered (except as noted below), plus reimbursement of the actual and necessary expenses Greenberg Traurig incurs, including, but not limited to, photocopies, courier service, computer assisted research, docket and court filing fees, telecommunications, travel, court reporting charges, and any other incidental costs advanced by the firm specifically for these matters, at the rates commonly charged for such costs to other Greenberg Traurig clients.  In addition, Greenberg Traurig has advised the Ombudsman that it intends to seek compensation for all time and expenses associated with its retention and SAK's retention as a professional, including the preparation of this Application, the Peterman Affidavit, and related documents, as well as any monthly, interim or final fee applications for Greenberg Traurig and SAK.

17.     Greenberg Traurig has advised the Ombudsman that its hourly rates are in the following ranges:

| Professional | Rate Per Hour |
|---|---|
| Shareholders/Of Counsel | $420 to $950 |
| Associates | $250 to $775 |
| Legal Assistants/Paralegals | $140 to $430 |

18.     Greenberg Traurig has advised the Ombudsman that the current hourly rates applicable to the principal attorneys and paralegals proposed to represent the Ombudsman are:

| Professional | Rate Per Hour |
|---|---|
| Nancy Peterman (Shareholder) | $650 |
| Emily Weaver (Associate) | $455 |
| Carla Greenberg (Paralegal) | $150 |

For purposes of this engagement only, Greenberg Traurig has agreed to reduce the hourly rate of Ms. Peterman from $950 per hour to $650 per hour.

19.     The Ombudsman understands that the hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.  The hourly rates may be adjusted upward as of January 1, 2020 and annually thereafter.

20.     Greenberg Traurig represents the following with regard to its charges for actual and necessary costs and expenses incurred:

(a)     Copy charges incurred are $.10 per page, which charge is reasonable, represents the cost of copy material, acquisition, maintenance, storage and operation of copy machines, together with a margin for recovery of cost expenditures.  There is no charge for ordinary printing.  In the event Greenberg Traurig utilizes outside copier/printing services for high volume projects, such copy/print charges will also be charged at the rate charged by such outside service provider.

(b)     There will be no charge for long distance telephone calls.

(c)     Greenberg Traurig utilizes Westlaw and Lexis for online legal research.  Online legal research is not a profit center for Greenberg Traurig, and charges for such research are billed to the client as a percentage usage of Greenberg Traurig's monthly contract rate.

(d)     Greenberg Traurig utilizes Soundpath Conferencing Services to host conference calls.  The costs charged by Soundpath are passed

through directly to Greenberg Traurig's clients without any markup. Thus, conference calls are not a profit center for Greenberg Traurig.

## BASIS FOR RELIEF

21.     Courts have approved the engagement of professionals by the court-appointed Ombudsman pursuant to sections 330 and 333 of the Bankruptcy Code.  *See In re Illinois Skin, Inc.,* Chapter 7 Case No. 06-16098 (MB) (Bankr. N.D. Ill.); *In re Dari Ann Ungaretti,* Chapter 7 Case No. 06-16094 (MB) (Bankr. N.D. Ill.); *In re Bayonne Medical Center*, Chapter 11 Case No. 07-15195 (Bankr. D. N.J.); *In re New York Westchester Square Medical Center*, Chapter 11 Case No. 06-13050 (Bankr. S.D.N.Y.); *In re Atlantic Health Services, Inc.,* Chapter 11 Case No. 06-10356 (PM) (Bankr. D. Md.); *In re Upland Surgical Institute*, Chapter 11 Case No. 06-11298 (Bankr. S.D. Cal.); *In re Brotman Medical Center Inc.*, Case No. 07-19705 (Bankr. C.D. Cal.); *In re Meridian Behavioral Health, LLC*, Case No. 11-10860 (Bankr. S.D.N.Y.); *In re Christ Hospital*, Case No. 12-12906 (Bankr. D. NJ); *In re ICL Holding Company, Inc., et al.*, Case No. 12-13319 (Bankr. D. Del.); *In re Horizon Health Center, Inc.*, Case No. 13-26348 (Bankr. D. N.J.); *In re Fairmont General Hospital, Inc., et al.*, Case No. 13-01054 (Bankr. N.D. W. Va.) and *In re Curae Health, Inc.*, Case No. 18-05665 (Bankr. M.D. Tenn.).

22.     Furthermore, section 330 specifically provides that the Court may award an ombudsman appointed under section 333 "reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person."   Section 333 specifically grants bankruptcy courts authority to compensate the professionals of the Ombudsman.

23.     Other authority exists to grant this Application and approve counsel for the Ombudsman.  The appointment of a patient care ombudsman is analogous to the appointment of an examiner, and, in many cases, courts have routinely authorized examiners to employ

7

professionals notwithstanding the absence of express authorization in the Bankruptcy Code for such employment, pursuant to section 105.  *See, e.g.*, *In re Tribune Co.*, Case No. 08-1311 (KJC) *Order Authorizing the Retention of Klee, Tuchin, Bogdanoff & Stern LLP as Counsel to the Examiner Nunc Pro Tunc to April 30, 2010* [Docket No. 4498] (Bankr. D. Del., May 19, 2010); *In re Southmark Corp.,* 113 B.R. 280, 283 (Bankr. N.D. Tex. 1990) (authorizing examiner to retain professionals where appropriate to carry out the provisions of the Bankruptcy Code); *In re Tighe Mercantile, Inc., 62* B.R. 995, 1000 (Bankr. S.D. Cal. 1986) ("This Court holds that in appropriate circumstances, a bankruptcy court may rely on § 105(a) to authorize examiners to employ professional persons."); *7 Collier on Bankruptcy,* ¶ 1104.03[5], at 1104-49-50 (15th ed. rev. 2006) (Recognizing that, although the Bankruptcy Code does not expressly authorize examiners to retain professionals to assist in investigations, "it may be preferable to authorize an examiner to retain professionals when necessary for a complete investigation.")

24.     Thus, the Application should be granted by this Court to allow the Ombudsman to employ Greenberg Traurig to assist her in the fulfillment of her duties in these Cases.  *See generally* 3 *Collier on Bankruptcy,* ¶ 333.05[1], at 1 (15th ed. rev. 2006) ("If the healthcare business is large or complicated, the ombudsman could be expected to retain professionals to assist in the discharge of the ombudsman's duties.").

## *NUNC PRO TUNC* RETENTION AS OF MAY 14, 2019

25.     The Ombudsman requests that Greenberg Traurig's retention be made *nunc pro tunc* as of May 14, 2019 in order to allow Greenberg Traurig to be compensated for the work it has performed for the Ombudsman since her appointment, but prior to the Court's consideration of this Application.

## NOTICE

8

26.     Notice of this Application has been provided to all parties who (a) receive notice in this case via electronic ECF notification, (b) the Bankruptcy Administrator; (c) the Trustee; (d) counsel for the Trustee; and (e) any party  that has requested notice pursuant to Bankruptcy Rule 2002.

27.     No previous motion for the relief sought herein has been made to this or any other court.

**WHEREFORE**, based upon the foregoing, the Ombudsman respectfully requests that the Court enter an order (a) granting this Application, (b) authorizing the Ombudsman to retain and employ Greenberg Traurig, *nunc pro tunc* as of May 14, 2019, and (c) granting such other and further relief as this Court may deem just and proper.

Dated: June 3, 2019

**SUZANNE KOENIG, AS COURT APPOINTED
PATIENT CARE OMBUDSMAN**

By:  /s/ *Suzanne A. Koenig*
          Suzanne A. Koenig, solely in her capacity as
          Patient Care Ombudsman

9

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2019, a true and correct copy of the foregoing was sent via this Courts ECF notification system to all parties who are registered to receive ECF notification in these cases and via United States, postage paid, first class mail to the following:

Marjorie K. Lynch
434 Fayetteville St.
Suite 640
Raleigh, NC 27601
*Bankruptcy Administrator*

Katherine M. McCraw
Assistant Attorney General
N.C. Department of Justice
Post Office Box 629
Raleigh, NC 27602-0629
*Counsel for NC DHHS/DHB*

CAH Acquisition Company #1, LLC
c/o Corporation Service Company,
Registered Agent
2626 Glenwood Avenue, Suite 550
Raleigh, NC 27608

James W. Schaffer, President
CAH Acquisition Company #1, LLC
958 US Highway 64
East Plymouth, NC 28962

Shane Reed
Director/Credit A/R Escalation Finance
Medline Industries, Inc.
Three Lakes Drive
Northfield, IL 60093

Robert Venable, M.D.
PO Box 1026
Plymouth, NC 27962

Eric L. Johnson
Spencer Fane LLP
1000 Walnut, Suite 1400
Kansas City, MO 64106

Terri L. Gardner
Nelson Mullins Riley &
Scarborough, LLP
4140 Parklake Avenue, Suite 200
Raleigh, NC 27612
*Counsel for Petitioning Creditors*

Thomas W. Waldrep, Jr.
Waldrep LLP
101 S Stratford Road, Suite 210
Winston-Salem, NC 27104
*Trustee*

CAH Acquisition Company #1, LLC
c/o Hospital Management Consulting, LLC
Attn: Lawrence J. Arthur
4254 N. Oak Trafficway
Kansas City, MO 64116

Dennis L. Davis, Esq.
Stinson Morrison Hecker LLP
1201 Walnut, Suite 2900
Kansas City, MO 64106

Curtis S. Potter
Washington County
County Manager/Attorney
PO Box 1007
Plymouth, NC 27962

Frank Smith, Esq.
FMS Lawyer PL
9900 Stirling Road, Suite 226
Cooper City, FL 33024

Baxter Healthcare
1 Baxter Pkwy, DE3-2E
Deerfield, IL 60015-4633

*ADMIN 35297516v3*

U.S. Bankruptcy Court
300 Fayetteville Street, 4th Floor
P.O. Box 791
Raleigh, NC 27602-0791

Amerisource Bergen
PO Box 5804
New York, NY 10087

CPSI
6600 Wall Street
Mobile, AL 36695

Dominion North Carolina Power
PO Box 26543
Richmond, VA 23290

Fisher Healthcare
300 Industry Drive
Pittsburgh, PA 15275

Landmark National Bank
PO Box 308
Manhattan, KS 66502

McKesson Corporation
1950 Stemmons FWY #5010
Dallas, TX 75207

Medline Industries, Inc.
PO Box 382075
Pittsburgh, PA 15251

Quest Diagnostics
PO Box 740736
Atlanta, GA 30374

Town of Plymouth
PO Box 806
Plymouth, NC 27962

American Red Cross Blood Services
PO Box 905890
Charlotte, NC 28290

Beckman Coulter, Inc.
Dept. Ch. 10164
Palatine, IL 60550

Creekridge Capital
PO Box 1880
Minneapolis, MN 55480

ER, LLC
9724 Kingston Pike #1300
Knoxville, TN 37922

iHealthcare, Inc.
3901 NW 28th Street - 2nd Floor
Miami, FL 33142

LGMG, LLC
11063 D S Memorial Drive #483
Tulsa, OK 74133

McNair Oil Co.
PO Box 881
Plymouth, NC 27962

Phusion Marketing Group
5051 NW 13th Avenue, Suite G
Pompano Beach, FL 33064

Ramp Plymouth, PA
3 Traveller Lane
New Bern, NC 28562

Western Healthcare, LLC
PO Box 203152
Dallas, TX 75320

_/s/ Brian R. Anderson_
Brian R. Anderson

# EXHIBIT A
# PETERMAN AFFIDAVIT

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| **CAH ACQUISITION COMPANY 16, LLC, d/b/a HASKELL COUNTY COMMUNITY HOSPITAL** | **Case No. 19-01227-5-JNC**<br><br>**Chapter 11** |
| **CAH ACQUISITION COMPANY 12, LLC, d/b/a FAIRFAX COMMUNITY HOSPITAL** | **Case No. 19-01697-5-JNC**<br><br>**Chapter 11** |
| **CAH ACQUISITION COMPANY 7, LLC, d/b/a PRAGUE COMMUNITY HOSPITAL,**<br><br>Debtors. | **Case No. 19-01298-5-JNC**<br><br>**Chapter 11** |

**AFFIDAVIT OF NANCY A. PETERMAN IN SUPPORT OF THE**
**APPLICATION OF THE PATIENT CARE OMBUDSMAN FOR ENTRY OF AN**
**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF GREENBERG**
**TRAURIG, LLP AS COUNSEL, *NUNC PRO TUNC* AS OF MAY 14, 2019**

I, Nancy A. Peterman, being duly sworn, depose and say:

1.     I am a shareholder at the law firm of Greenberg Traurig, LLP ("**Greenberg Traurig**"). I submit this affidavit (the "**Affidavit**") on behalf of Greenberg Traurig in support of the application (the "**Application**")[1] of Suzanne Koenig as Patient Care Ombudsman (the "**Ombudsman**") appointed in the Chapter 11 cases of CAH Acquisition Company 16, LLC, Case No. 15-01227-5, CAH Acquisition Company 12, LLC and Case No. 19-01697-5, and CAH Acquisition Company 7, LLC , Case No. 19-01298-5 (collectively, the "**Cases**"), for entry of an Order, pursuant to sections 105, 330 and 333 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the retention and employment of Greenberg

---

[1]  Capitalized terms used herein but not otherwise defined shall have those meanings set forth in the Application.

Traurig, as counsel for the Ombudsman, *nunc pro tunc* as of May 14, 2019. Except as otherwise indicated herein, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.[2]

## QUALIFICATIONS OF GREENBERG TRAURIG

2.      Greenberg Traurig has substantial experience representing the Ombudsman in her capacity as a patient care ombudsman in other cases.

## GREENBERG TRAURIG'S DISINTERESTEDNESS

3.      To the best of my knowledge and information after due inquiry, except as disclosed herein, Greenberg Traurig has no connections with the Debtors, their creditors, any other party in interest herein or their respective attorneys or professionals, and does not hold or represent any entity having an adverse interest in connection with these Cases, except as disclosed herein. For so long as Greenberg Traurig represents the Ombudsman, and absent further Order of this Court, Greenberg Traurig will not represent any entity other than the Ombudsman in connection with these Cases.

4.      As more fully described hereinafter, Greenberg Traurig maintains a computer client database (the "**Client Database**") containing the names of all of Greenberg Traurig's current and former clients and, where practical, the known affiliates of those clients. In connection with preparing this Declaration, Greenberg Traurig submitted to, and checked against, that Client Database all of the names set forth on **Exhibit 1** attached hereto and incorporated herein by reference (collectively, the "**Potentially Interested Parties**").

5.      This inquiry revealed that certain of the Potentially Interested Parties are current or former Greenberg Traurig clients (the list of such clients is attached hereto as **Exhibit 2** and is

---

[2]  Certain of the disclosures herein relate to matters within the knowledge of other attorneys at Greenberg Traurig.

incorporated herein by reference, and is referred to herein as the "**Client Match List**").  Through the information generated from the above-mentioned computer inquiry, and through follow-up inquiries with Greenberg Traurig attorneys responsible for certain clients listed on the Client Match List to the extent necessary, Greenberg Traurig determined that the representation of those clients on the Client Match List concerned matters unrelated to the Debtors or these Cases.

6.      In addition to those disclosures on Exhibit 2, Greenberg Traurig currently represents Ms. Koenig, as ombudsman, receiver and in other capacities in matters unrelated to the Debtors or these Cases.  Greenberg Traurig also currently represents SAK Management Services, LLC in matters unrelated to the Debtors or these Cases.

7.      Greenberg Traurig maintains and systematically updates its Client Database in the ordinary course of business, and it is the regular practice of Greenberg Traurig to make and maintain these records.  The Client Database maintained by Greenberg Traurig is designed to include every matter on which Greenberg Traurig is now or has been engaged, the entity by which Greenberg Traurig is now or has been engaged and, in each instance, the identity of related parties and adverse parties and the attorney at Greenberg Traurig that is knowledgeable about such matter. It is the policy of Greenberg Traurig that no new matter may be accepted or opened without completing and submitting to those charged with maintaining the Client Database the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter, and related and adverse parties.  Accordingly, the Client Database is regularly updated for every new matter undertaken by Greenberg Traurig.

8.      As expected, with more than 2,000 lawyers internationally, Greenberg Traurig necessarily has connections with certain creditors and other parties in interest.  To the fullest extent possible, those connections as known or discovered to date are disclosed in this Declaration or

**Exhibit 2** attached hereto.  However, in addition to the connections disclosed herein and in **Exhibit 2**, Greenberg Traurig and certain of its shareholders, counsel and associates may have in the past represented, may currently represent, and likely in the future will represent parties in interest of the Debtors in connection with matters unrelated to the Debtors or these Cases.  Moreover, Greenberg Traurig appears in many cases, proceedings, and transactions involving different attorneys, financial consultants and investment bankers, some of which may now or in the future represent the Potentially Interested Parties or other parties in interest in these Cases.  From time to time, Greenberg Traurig will review its disclosures in these Cases and in the event that additional material connections are discovered, Greenberg Traurig will disclose such information to the Court on notice to parties in interest and the Bankruptcy Administrator.

9.      None of Greenberg Traurig's representations of parties in interest in these Cases comprise a material component of Greenberg Traurig's practice, nor does it represent such parties on any issue relating to the Debtors or their estates.

10.      Based on the foregoing and except as set forth herein, neither I, Greenberg Traurig, nor any shareholder, of counsel, or associate thereof, insofar as I have been able to ascertain based on the information currently available to me, represent any interest adverse to the Debtors in the matters upon which Greenberg Traurig is to be engaged.  To the best of my knowledge, information and belief, Greenberg Traurig is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that Greenberg Traurig, its shareholders, of counsel and associates:

(a)      are not creditors, equity security holders or insiders of the Debtors;

(b)      are not, and were not within two years before the date of filing of the Debtors chapter 11 petitions, a director, officer, or employee of the Debtors; and

(c)      do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or

indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

11.    Based upon my knowledge, no member of Greenberg Traurig is a relative of the Honorable Joseph N. Callaway, the Bankruptcy Judge presiding over these Cases, or the Bankruptcy Administrator.

## SCOPE OF EMPLOYMENT

12.    The professional services that the Ombudsman expects that Greenberg Traurig will be called upon to render include, but shall not be limited to, the following:

(a)    Representing the Ombudsman in any proceeding or hearing in the Bankruptcy Court, and in any action in other courts where the rights of the patients may be litigated or affected as a result of these Cases;

(b)    Advising the Ombudsman concerning the requirements of the Bankruptcy Code and Bankruptcy Rules relating to the discharge of her duties under section 333 of the Bankruptcy Code;

(c)    Advising and representing the Ombudsman in evaluating any patient or healthcare related issues, including, in connection with any sale, reorganization or liquidation; and

(d)    Performing such other legal services as may be required under the circumstances of these Cases in accordance with the Ombudsman's powers and duties as set forth in the Bankruptcy Code, including assisting Ombudsman with reports to the Court, fee applications or other matters.

## COMPENSATION AND REIMBURSEMENT OF EXPENSES

13.    Greenberg Traurig intends to apply for compensation for professional services rendered in connection with these Cases subject to the approval of the Court and in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Orders of the Court, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Greenberg Traurig.

ADMIN 35297519v3

14.    Greenberg Traurig has advised the Ombudsman that its hourly rates for professionals are in the following ranges:

| Professional | Rate Per Hour |
|---|---|
| Shareholders | $420 to $950 |
| Of Counsel | $330 to $950 |
| Associates | $250 to $775 |
| Legal Assistants/Paralegals | $140 to $430 |

Greenberg Traurig has advised the Ombudsman that the current hourly rates applicable to the principal attorneys and paralegals proposed to represent the Ombudsman are:

| Professional | Rate Per Hour |
|---|---|
| Nancy Peterman (Shareholder) | $650 |
| Emily Weaver (Associate) | $455 |
| Carla Greenberg (Paralegal) | $150 |

For purposes of this engagement only, Greenberg Traurig has agreed to reduce the hourly rate of Ms. Peterman from $950 per hour to $650 per hour.

15.    The Ombudsman understands that the hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.  The hourly rates may be adjusted upward as of January 1, 2020 and annually thereafter.

16.    The hourly rates set forth above are Greenberg Traurig's standard hourly rates for work of this nature, except as otherwise noted.  These rates are set at a level designed to fairly compensate Greenberg Traurig for its work.  It is Greenberg Traurig's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the representation.  The expenses charged to clients include, among other things, mail and express mail charges, special or hand delivery charges, photocopying charges, travel expenses, computerized research, and transcription costs.  Greenberg Traurig will charge the Debtors' estate for these expenses in a manner and at rates consistent with charges made generally to Greenberg Traurig's clients. Greenberg Traurig believes that these expenses should fairly be charged to the clients incurring them rather than to increase the hourly rates and spread the expenses among all clients. In addition,

Greenberg Traurig has advised the Ombudsman that it intends to seek compensation for all time and expenses associated with its retention and SAK Management Services, LLC's ("**SAK**") retention as a professional, including the preparation of this Application, the Peterman Affidavit, and related documents, as well as any monthly, interim or final fee applications for Greenberg Traurig and SAK.

17. Greenberg Traurig represents the following with regard to its charges for actual and necessary costs and expenses incurred:

(a) Copy charges incurred are $.10 per page, which charge is reasonable, represents the cost of copy material, acquisition, maintenance, storage and operation of copy machines, together with a margin for recovery of cost expenditures. There is no charge for ordinary printing. In the event Greenberg Traurig utilizes outside copier/printing services for high volume projects, such copy/print charges will also be charged at the rate charged by such outside service provider.

(b) There will be no charge for long distance telephone calls.

(c) Greenberg Traurig utilizes Westlaw and Lexis for online legal research. Online legal research is not a profit center for Greenberg Traurig, and charges for such research are billed to the client as a percentage usage of Greenberg Traurig's monthly contract rate.

(d) Greenberg Traurig utilizes Soundpath Conferencing Services to host conference calls. The costs charged by Soundpath are passed through directly to Greenberg Traurig's clients without any markup. Thus, conference calls are not a profit center for Greenberg Traurig.

18. Other than as set forth herein, there is no proposed arrangement to compensate Greenberg Traurig. Greenberg Traurig has not shared, nor agreed to share (a) any compensation it has received or may receive with any other party or person, other than with the shareholders, counsel and associates of Greenberg Traurig, or (b) any compensation another person or party has received or may receive.

19.    By reason of the foregoing, I believe Greenberg Traurig is eligible for employment and retention by the Ombudsman pursuant to sections 105, 330 and 333 of the Bankruptcy Code and the applicable Bankruptcy Rules.

I declare under penalty of perjury under the laws of the United States of America and the State of Illinois that the foregoing is true and correct.

Executed this 3rd day of June, 2019 at Chicago, Illinois.

GREENBERG TRAURIG, LLP

By: _Nancy A. Peterman_____

Nancy A. Peterman
Shareholder
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Telephone: (312) 456.8400
Facsimile: (312) 899.0341

STATE OF ILLINOIS
COUNTY OF COOK

SUBSCRIBED AND SWORN before me
On this 3rd day of June, 2019.

_Carla J. Greenberg_____
Notary Public
My Commission Expires: 7/8/22

OFFICIAL SEAL
CARLA J. GREENBERG
Notary Public - State of Illinois
My Commission Expires 7/08/2022

ADMIN 35297519v3

## EXHIBIT 1

## Potentially Interested Parties

### Debtors
CAH Acquisition Company #1, d/b/a Washington County Hospital
CAH Acquisition Company #2, d/b/a Oswego Community Hospital
CAH Acquisition Company #3, d/b/a Horton Community Hospital
CAH Acquisition Company #4, d/b/a Drumright Regional Hospital
CAH Acquisition Company 6, d/b/a I-70 Community Hospital
CAH Acquisition Company 7, d/b/a Prague Community Hospital
CAH Acquisition Company 12, d/b/a Fairfax Community Hospital
CAH Acquisition Company 16, d/b/a Haskell County Community Hospital

### Petitioning Creditors
Medline Industries, Inc.
Robert Venable M.D.
Washington County, North Carolina

### Chapter 11 Trustee/Professionals
Thomas W. Waldrep, Jr.
Waldrep LLP
Grant Thornton LLP

### Secured Creditor
First Capital Corporation

### All Creditors
!Healthcare, Inc.
2H Refrigeration
3M Company
A&B Eco Safe Pest Control Inc.
AANA
Abbott Diabetes Care, Inc.
Abbott Laboratories, Inc.
Accountable Healthcare Staffing
Accurad Medical Imaging
Accuratenow
Addtronics
Aesculap, lnc.
Air Comfort, Inc.
Air Products and Chemicals
Airco Service Inc.
Airgas Mid South, Inc.
Airgas USA, LLC
AIV, Inc.
Al Witt Microscope Service

*ADMIN 35297519v3*

Alco Sales and Service
Alere North America
Alere North America, Inc.
Allesco
American Association of Bioanalyst
American Proficiency Institute
American Screening Corporation
Anthony Technology, LLC
APS Fireco Tulsa
Arnett Carbis Toothman, LLP
AT&T
Bayer Healthcare
Beckman Coulter
Beckman Coulter, Inc.
Bennac Supply - McAlester
BH Media Group
Biote Medical LLC
Boston Scientific Corp.
Boyce & Bynum Pathology Lab
Briggs Corporation
Brooks Grease Service
Bulbs.com Inc.
Cadmet, lnc.
Camelot Financial Services
Cardinal Health 411
Cardinal Health-Pharm
Care 24/7, LLC
Careexpand, LLC
Carefusion Solutions, LLC
Cerner Corporation
Channing Bete Company, Inc.
Chemical Systems, Inc.
Chief Diagnostic Services, lnc.
Cimarron Glas & Overhead Door
CIP Consulting
City of Drumright
Classey Drumright Floral, LLC
Clia Laboratory Program
Clinical Pathology Laboratories
Cola Inc.
College of American Pathologists
Commercial Medial Electronics
Compliancesigns Inc.
Connections and More Inc.
CPSI
CR Bard, Inc.

Creek County EMS District
Creek County Treasurer
Culligan of Tulsa
Cushing Fire & Ambulance Service
Cushing Plumbing Co.
DE Lage Landen
De Lage Landen Financial Services
DEA Headquarters
Delphia Publishing LLC
DH Pace Company Inc.
Diagnostic Health Service
Diagnostic Imaging Assoc. Inc.
Diamedical USA Equipment
Diamedical USA Equipment, LLC
Discovery Bank
Double G. Rentals LLC
Drugs of Abuse Testing Lab
Drumright Auto Supply
Drumright Chamber of Commerce
Drumright Regional Hospital
Ecolab, Inc.
Economy Supply, Inc.
Empower HMS
Endex, Inc. of Tulsa
EPower Doc, Inc.
EPS, Inc.
Evoqua Water Technologies, LLC
Experien Health
Farnam Street
Farnam Street Financial Inc.
Favco Electric
Federal Corporation
Federal Express
Fedex
First Financial Corp.
First Liberty
Flag and Flagpole Express
Flags USA LLC
Foundation Radiology Group
Future Health Concepts, Inc.
Gage Lucky 13, LLC
GE Healthcare
GE Healthcare Fin Services
GE Medical Systems
Gemino Healthcare Finance
Glaxosmithklin

Global Equipment Company
Grainger
Green Electrical Supply
H.E.R.C.
Heartland Pathology Consultant
Heldebrandt Consulting LCL
Helga Price PA
Helmer
Hillcrest Medical Center
HMS Health LLC
Horiba Instruments, Inc.
Hospira Worldwide, Inc.
Hot Shot Power Washing, Inc.
Idexx Distribution
In-House Labs, LLC
Iron Mountain Inc.
J&J Health Care System, Inc.
James R. Beymer DO
Joe C. Hall, OBA No. 13643
Katom Restaurant Supply Inc.
Kay Supply LLC
Keith & Associates, lnc.
Keith Plummer
Klaus lnc.
Laboratory Consultant Solution
Laboratory Supply Company
Landauer Inc.
Larry Murphy RPH
LGMG, LLC
Lighthouse Recruiting LLC
Locke Supply Co.
Love Beal & Nixon PC
Loyal Loans
Luminous of Oklahoma, LLC
M&T Bank
Maine Standards Company LLC
MASSCO
Mastercraft Boiler
Matheson Tri-Gas
Mays & Associates Inc.
McKesson Corporation
McKesson Corporation-RX
McKesson Medical Surgical
ME3 Oilfield Services, LLC
Medassure
Medassure Oklahoma

Med-Dose Incorporation
Medical Imaging Solutions Int
Medline
Medtronic USA
Medusind Solutions of Oklahoma
Merry X-ray Chemical Corp.
Midland
Miller Office Equipment
Missouri Network Alliance, LLC
Motorola Solutions Inc.
Murphy's Drug
Novitas Solutions - Part A
Novitas Solutions, Inc.
Now Transcription, LLC
Nustep, Inc.
Office Depot, Inc.
OG&E
OK Bureau of Narcotics & Drugs
OK Centralized Support Registr
OK State Department of Health
Oklahoma Blood Institute
Oklahoma Chiller Corporation
Oklahoma Department of Labor
Oklahoma Hospital Association
Oklahoma Natural Gas Co.
Oklahoma Osteopathic Associates
Oklahoma State Board Pharmacy
Oklahoma State Dept. of Health
Oklahoma Tax commission
Olympus America Inc.
Opti Medical Systems, Inc.
Ortho-Clinical Diagnostics, Inc.
P&K Equipment Co.
Passport Health Communications, Inc.
Patterson Medical
Physicians Record Company
Pied Piper Services of NA, LLC
Pipette.Com
Pitney Bowes
PMIC
Pointer Communications
Precision Lens
Psychiatric Medical Care
Quality Systems, Inc.
Quill.com
Radiological Solutions

Radsource, LLC
Reboot, Inc.
Reboot, lnc./HIPP A Guard
Recall Secure Destruction
Regional Finance Co of OK
Reliance Wholesale, Inc.
Respironics, Inc.
Rural Community Hospital of America
Rural HospacquisitionLL
Scican, Inc.
See the Traincr-Bellvue
Selectforce, Inc.
Servpro of South Tulsa County
Shamrock Scientific
Shared Medical
Shared Medical Services, Inc.
Siemens Healthcare
Siemens Healthcare Diagnostics
Silver Bullett Pest Service
Sleeppoz, Inc.
SMC Direct, LLC
Soder Mechanical
SourceOne Healthcare Tech
Spok, Inc.
Standley Systems
Sterilmed, Inc.
Steris Corporation
Stigler News Sentinel
Stryker Flex Financial
Sudden link
Surgical Principals, Inc.
Sysmex America, Inc.
Taylor Technologies, Inc.
The Medical Protective Company
The NatL Alliance of Rural Hospital
Threattrack Security
Threattrack Security Inc.
Total Medical Prsnnl Statling
Total Medical, LLC
Trane
Trival CSE
Unipower Corp.
United Linen & Uniform
Univar USA Inc.
US Department of Education
US Foodservice

Warren Cat
WES Enterprises
WM Recycle America
Xactast Environmental LLC

**EXHIBIT 2**

**Greenberg Traurig, LLP's Disclosure of Connections
with Potentially Interested Parties**

The following names were compared to Greenberg Traurig's Client Database.  Greenberg Traurig has represented or currently represents those Potentially Interested Parties noted below, including various persons or entities that may be related to or affiliated with the Potentially Interested Persons, in matters unrelated to the Debtors or the Cases.

| |
|---|
| Robert Venable M.D. |
| 3M Company |
| AT&T |
| Abbott Laboratories, Inc. |
| Accountable Healthcare Staffing |
| Aesculap, Inc. |
| Beckman Coulter, Inc. |
| Boston Scientific |
| Cerner Corporation |
| CR Bard, Inc. |
| Ecolab, Inc. |
| Federal Express |
| GE Healthcare |
| Helmer |
| Iron Mountain, Inc. |
| Landauer Inc. |
| M&T Bank |
| Matheson Tri-Gas |
| Medline |
| Office Depot, Inc. |
| Pitney Bowes |
| Respironics, Inc. |
| Shamrock Scientific |
| Siemens Healthcare Diagnostics |

Washington County, North Carolina