UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| **CAH ACQUISITION COMPANY 16, LLC, d/b/a HASKELL COUNTY COMMUNITY HOSPITAL** | **Case No. 19-01227-5-JNC**<br><br>**Chapter 11** |
| **CAH ACQUISITION COMPANY 12, LLC, d/b/a FAIRFAX COMMUNITY HOSPITAL** | **Case No. 19-01697-5-JNC**<br><br>**Chapter 11** |
| **CAH ACQUISITION COMPANY 7, LLC, d/b/a PRAGUE COMMUNITY HOSPITAL,**<br><br>                               **Debtors.** | **Case No. 19-01298-5-JNC**<br><br>**Chapter 11** |

### APPLICATION OF PATIENT CARE OMBUDSMAN FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF SAK MANAGEMENT SERVICES, LLC, AS MEDICAL OPERATIONS ADVISOR, *NUNC PRO TUNC* AS OF APRIL 17, 2019

Suzanne Koenig, the patient care ombudsman (the "**Ombudsman**") appointed in the Chapter 11 cases of CAH Acquisition Company 16, LLC, Case No. 15-01227-5, CAH Acquisition Company 12, LLC, Case No. 19-01697-5, and CAH Acquisition Company 7, LLC, Case No. 19-01298-5 (collectively, the "**Cases**"), submits this application (the "**Application**") for entry of an Order, pursuant to sections 105, 330 and 333 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the retention and employment of SAK Management Services, LLC ("**SAK**"), as medical operations advisor for the Ombudsman, *nunc pro tunc* as of April 17, 2019. The facts and circumstances supporting this Application are as set forth herein and in the Affidavit of Suzanne Koenig (the "**Koenig Affidavit**"), attached hereto as **Exhibit A** and incorporated herein by reference. In further support of this Application, the Ombudsman respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      The statutory predicates for the relief sought herein are sections 105, 330 and 333 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016.

## BACKGROUND

3.      On March 17, 2019, CAH Acquisition Company 16, LLC ("**CAH 16**) filed a petition for relief under Chapter 11 of the United States Bankruptcy Code. Thomas W. Waldrep, Jr. was appointed as Chapter 11 Trustee on March 18, 2019.

4.      On March 17, 2019, CAH Acquisition Company 12, LLC ("**CAH 12**") filed a petition for relief under Chapter 11 of the United States Bankruptcy Code. Thomas W. Waldrep, Jr. was appointed as Chapter 11 Trustee on March 18, 2019.

5.      On March 17, 2019, CAH Acquisition Company 7, LLC ("**CAH 7**," collectively, with CAH 4, CAH 16 and CAH 12, the "**Debtors**") filed a petition for relief under Chapter 11 of the United States Bankruptcy Code. Thomas W. Waldrep, Jr. was appointed as Chapter 11 Trustee on March 18, 2019.

6.      On April 9, 2019, the Bankruptcy Administrator filed a report and recommendation regarding the appointment of a patient care ombudsman [Docket No. 113].

7.      On April 17, 2019, the Court entered an order regarding the appointment of a patient care ombudsman under section 333 of the Bankruptcy Code and appointed Suzanne Koenig of SAK Management Services, LLC ("**SAK**") as the Ombudsman [Docket No. 158] CAH 16, Case No. 15-01227-5 only.

2

8.      On April 26, 2019, the Bankruptcy Administrator filed a Notice of Appointment of Patient Care Ombudsman under section 333 of the Bankruptcy Code for CAH 12, LLC, Case No. 19-01697-5 and CAH 7, LLC, Case No. 19-01298-5.

9.      The Ombudsman is President of SAK, which specializes in the management of distressed health care businesses.  Although the Ombudsman has vast experience in distressed health care businesses and has acted as an ombudsman in other cases, the Ombudsman nonetheless requires the assistance of SAK's employees in reviewing the operations of the Debtors to appropriately and adequately discharge her duties as Ombudsman in these Cases.

## RELIEF REQUESTED

10.      By this Application, the Ombudsman respectfully requests that this Court enter an Order authorizing the Ombudsman to employ and retain SAK as her medical operations advisor in these Cases, pursuant to sections 105, 330 and 333 of the Bankruptcy Code, *nunc pro tunc* as of April 17, 2019.

11.      The Ombudsman has determined that SAK has the resources and experience necessary to assist her in the fulfillment of her duties as Ombudsman.  SAK has substantial experience in the health care industry and is nationally recognized for its healthcare consulting services.

12.      Under the leadership of the Ombudsman, as founder and President, SAK has represented debtors, trustees, examiners, financial institutions and creditor committees.  SAK has assisted the Ombudsman in numerous other bankruptcy cases, including *In re Illinois Skin, Inc.,* Chapter 7 Case No. 06-16098 (MB) (Bankr. N.D. Ill.); *In re Dari Ann Ungaretti,* Chapter 7 Case No. 06-16094 (MB) (Bankr. N.D. Ill.); *In re Bayonne Medical Center,* Chapter 11 Case No. 07-15195 (Bankr. D. N.J.); *In re New York Westchester Square Medical Center,* Chapter 11 Case No. 06-13050 (Bankr. S.D.N.Y.); *In re Upland Surgical Institute,* Chapter 11 Case No. 06-11298

3

(Bankr. S.D. Cal.); *In re Brotman Medical Center Inc.*, Case No. 07-19705 (Bankr. C.D. Cal.); *In re Meridian Behavioral Health, LLC*, Case No. 11-10860 (Bankr. S.D.N.Y.); *In re Christ Hospital*, Case No. 12-12906 (Bankr. D. N.J.); *In re ICL Holding Company, Inc., et al.*, Case No. 12-13319 (Bankr. D. Del.); *In re Horizon Health Center, Inc.*, Case No. 13-26348 (Bankr. D. N.J.); *In re Fairmont General Hospital, Inc., et al.*, Case No. 13-01054 (Bankr. N.D. W. Va.) and *In re Curae Health, Inc.*, Case No. 18-05665 (Bankr. M.D. Tenn.). Given the nature of these Cases and the specific duties of the Ombudsman required under section 333 of the Bankruptcy Code, the Ombudsman believes that retention of SAK is appropriate and necessary and will allow her to discharge her duties in the most effective, efficient and timely manner.

## SCOPE OF EMPLOYMENT

13.     The professional services that the Ombudsman expects SAK to render include, but shall not be limited to, the following:

(a)     Conducting interviews of patients and facility staff as required;

(b)     Reviewing license and governmental permits;

(c)     Reviewing adequacy of staffing, supplies and equipment;

(d)     Reviewing safety standards;

(e)     Reviewing facility maintenance issues or reports;

(f)     Reviewing patient, family, staff or employee complaints;

(g)     Reviewing risk management reports;

(h)     Reviewing litigation relating to the Debtors;

(i)     Reviewing patient records;

(j)     Reviewing any possible sale or restructuring of the Debtors and how it impacts patients;

(k)     Reviewing other information, as applicable to the Debtors and these Cases, including, without limitation, patient satisfaction survey results, regulatory

ADMIN 35297522v3

reports, utilization review reports, discharged and transferred patient reports, staff recruitment plans and nurse/patient/acuity staffing plans;

(l)     Reviewing various financial information, including, without limitation, current financial statements, cash projections, accounts receivable reports and accounts payable reports to the extent such information may impact patient care; and

(m)    Assisting the Ombudsman with such other services as may be required under the circumstances of these Cases, including any diligence or investigation required for the reports to be submitted by the Ombudsman.

14.     Subject to the Court's approval of this Application, SAK has indicated that it is willing to serve as the Ombudsman's medical operations advisor in these Cases to perform the services described above.

## SAK DOES NOT HOLD OR REPRESENT ANY ADVERSE INTEREST

15.     As set forth in greater detail in the Koenig Affidavit, SAK has completed a conflicts check of the names set forth on **Exhibit 1** to the Koenig Affidavit (collectively, the "**Potentially Interested Parties**").

16.     To the best of the Ombudsman's knowledge, based upon the Koenig Affidavit, SAK (a) does not hold or represent any interest adverse to the Debtors or their respective chapter 11 estates, creditors or any other party in interest and (b) is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

17.     To the best of the Ombudsman's knowledge, the SAK professionals who will work on this matter are not relatives of the Honorable Joseph N. Callaway, the Bankruptcy Judge presiding over these Cases or the Bankruptcy Administrator.

## COMPENSATION AND REIMBURSEMENT OF EXPENSES

18.     Subject to Court approval, and in accordance with section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of the Court and the rules and other

5

procedures that may be fixed by the Court, the Ombudsman requests that SAK be compensated on an hourly basis, in accordance with the ordinary and customary rates which are in effect on the date the services are rendered, plus reimbursement of the actual and necessary expenses SAK incurs, including, but not limited to, mail and express mail charges, special or hand delivery charges, photocopying charges, courier services, overnight delivery services, docket and court filing fees, telecommunications, travel expenses, expenses for working meals, computerized research and any other incidental costs advanced by SAK specifically for these matters, at the rates commonly charged for such costs to other SAK clients. In addition, SAK has advised the Ombudsman that it intends to seek compensation for all time and expenses associated with its retention as a professional, including the preparation of this Application, the Koenig Affidavit, and related documents, as well as any monthly, interim or final fee applications.

19.    SAK has advised the Ombudsman that the current hourly rates applicable to the principal professionals proposed to be employed by the Ombudsman are:

| Professional | Rate Per Hour |
|---|---|
| Suzanne Koenig | $400 |
| Joyce Ciyou | $375 |
| Anzhelika Shatrov | $375 |
| Helen Colon | $100 |

20.    Other professionals will render services to the Ombudsman as needed. Generally, SAK's hourly rates range between $175 and $450. The Ombudsman understands that SAK's hourly rates are subject to periodic adjustments to reflect economic and other conditions. The hourly rates will likely be adjusted upward as of January 1, 2020 and annually thereafter.

## BASIS FOR RELIEF

21.    Courts have approved the engagement of professionals by the court-appointed Ombudsman pursuant to sections 330 and 333 of the Bankruptcy Code. *See In re Illinois Skin,*

6

*Inc.,* Chapter 7 Case No. 06-16098 (MB) (Bankr. N.D. Ill.); *In re Dari Ann Ungaretti,* Chapter 7 Case No. 06-16094 (MB) (Bankr. N.D. Ill.); *In re Bayonne Medical Center,* Chapter 11 Case No. 07-15195 (Bankr. D. N.J.); *In re New York Westchester Square Medical Center,* Chapter 11 Case No. 06-13050 (Bankr. S.D.N.Y.); *In re Atlantic Health Services, Inc.,* Chapter 11 Case No. 06-10356 (PM) (Bankr. D. Md.); *In re Upland Surgical Institute,* Chapter 11 Case No. 06-11298 (Bankr. S.D. Cal.); *In re Brotman Medical Center Inc.,* Case No. 07-19705 (Bankr. C.D. Cal.); *In re Meridian Behavioral Health, LLC,* Case No. 11-10860 (Bankr. S.D.N.Y.); *In re Christ Hospital,* Case No. 12-12906 (Bankr. D. N.J.); *In re ICL Holding Company, Inc., et al.,* Case No. 12-13319 (Bankr. D. Del.); *In re Horizon Health Center, Inc.,* Case No. 13-26348 (Bankr. D. N.J.); *In re Fairmont General Hospital, Inc., et al.,* Case No. 13-01054 (Bankr. N.D. W. Va.) and *In re Curae Health, Inc.,* Case No. 18-05665 (Bankr. M.D. Tenn.). Furthermore, section 330 specifically provides that the Court may award an ombudsman appointed under section 333 "reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person." Section 333 specifically grants bankruptcy courts authority to compensate the professionals of the Ombudsman.

22.     Other authority exists to grant this Application and approve the appointment of professionals for the Ombudsman. The appointment of the Ombudsman is analogous to the appointment of an examiner, and, in many cases, courts have authorized examiners to employ professionals notwithstanding the absence of express authorization in the Bankruptcy Code for such employment, pursuant to section 105 of the Bankruptcy Code. *See, e.g., In re Enron,* Case No. 01-16034 (Bankr. S.D.N.Y. 2001, A. Gonzalez) (allowing examiner to retain professionals); *In re Southmark Corp.,* 113 B.R. 280, 283 (Bankr. N.D. Tex. 1990) (allowing examiner to retain

7

professionals where appropriate to carry out subjective provisions if the Code); *In re Tighe Mercantile, Inc.,* 62 B.R. 995, 1000 (Bankr. S.D. Cal. 1986) (holding that ". . . in appropriate circumstances, a bankruptcy court may rely on §105(a) to authorize examiners to employ professional persons."); 7 *Collier on Bankruptcy,* ¶ 1104.03[5], at 49-50 (15th ed. rev. 2006) (recognizing that, although the Bankruptcy Code does not expressly authorize examiners to retain professionals to assist in investigations, "it may be preferable to authorize an examiner to retain professionals when necessary for a complete investigation.").

23.     Thus, the Application should be granted by this Court to allow the Ombudsman to employ SAK to assist her in the fulfillment of her duties in these Cases. *See generally* 3 *Collier on Bankruptcy,* ¶333.05[1], at 1 (15th ed. rev. 2006) ("If the healthcare business is large or complicated, the ombudsman could be expected to retain professionals to assist in the discharge of the ombudsman's duties.").

## *NUNC PRO TUNC* RETENTION AS OF APRIL 17, 2019

24.     The Ombudsman requests that the retention and employment of SAK be approved *nunc pro tunc* as of April 17, 2019, the date of the Ombudsman's appointment by the Court. SAK began providing services to the Ombudsman immediately upon the Ombudsman's appointment. The Ombudsman had engaged a law firm to represent her in the Cases, including without limitation, to prepare and file SAK's retention papers. On or about May 14, 2019, the Ombudsman was informed that such firm had a conflict of interest and could not represent her. As a result, the Ombudsman had to locate alternative counsel and on May 14, 2019, she engaged Greenberg Traurig, who worked with SAK and the Ombudsman to file these papers as quickly as possible.

ADMIN 35297522v3

## NOTICE

25.     Notice of this Application has been provided to all parties who (a) receive notice in this case via electronic ECF notification, (b) the Bankruptcy Administrator; (c) the Trustee; (d) counsel for the Trustee; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002.

26.     No previous motion for the relief sought herein has been made to this or any other court.

WHEREFORE, based upon the foregoing, the Ombudsman respectfully requests that the Court enter an order (a) granting this Application, (b) authorizing the Ombudsman to retain and employ SAK Management Services, LLC, *nunc pro tunc* as of April 17, 2019, and (c) granting such other and further relief as this Court may deem just and proper.

Dated: June 4, 2019

**SUZANNE KOENIG, AS COURT APPOINTED
PATIENT CARE OMBUDSMAN**

By:  /s/ Suzanne A. Koenig
              Suzanne A. Koenig, solely in her capacity as
              Patient Care Ombudsman

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2019, a true and correct copy of the foregoing was sent via this Courts ECF notification system to all parties who are registered to receive ECF notification in these Cases and via United States, postage paid, first class mail to the following:

Marjorie K. Lynch
434 Fayetteville St.
Suite 640
Raleigh, NC 27601
*Bankruptcy Administrator*

Terri L. Gardner
Nelson Mullins Riley &
Scarborough, LLP
4140 Parklake Avenue, Suite 200
Raleigh, NC 27612
*Counsel for Petitioning Creditors*

Katherine M. McCraw
Assistant Attorney General
N.C. Department of Justice
Post Office Box 629
Raleigh, NC 27602-0629
*Counsel for NC DHHS/DHB*

Thomas W. Waldrep, Jr.
Waldrep LLP
101 S Stratford Road, Suite 210
Winston-Salem, NC 27104
*Trustee*

CAH Acquisition Company #1, LLC
c/o Corporation Service Company,
Registered Agent
2626 Glenwood Avenue, Suite 550
Raleigh, NC 27608

CAH Acquisition Company #1, LLC
c/o Hospital Management Consulting, LLC
Attn: Lawrence J. Arthur
4254 N. Oak Trafficway
Kansas City, MO 64116

James W. Schaffer, President
CAH Acquisition Company #1, LLC
958 US Highway 64
East Plymouth, NC 28962

Dennis L. Davis, Esq.
Stinson Morrison Hecker LLP
1201 Walnut, Suite 2900
Kansas City, MO 64106

Shane Reed
Director/Credit A/R Escalation Finance
Medline Industries, Inc.
Three Lakes Drive
Northfield, IL 60093

Curtis S. Potter
Washington County
County Manager/Attorney
PO Box 1007
Plymouth, NC 27962

Robert Venable, M.D.
PO Box 1026
Plymouth, NC 27962

Frank Smith, Esq.
FMS Lawyer PL
9900 Stirling Road, Suite 226
Cooper City, FL 33024

Eric L. Johnson
Spencer Fane LLP
1000 Walnut, Suite 1400
Kansas City, MO 64106

Baxter Healthcare
1 Baxter Pkwy, DE3-2E
Deerfield, IL 60015-4633

ADMIN 35297522v3

U.S. Bankruptcy Court
300 Fayetteville Street, 4th Floor
P.O. Box 791
Raleigh, NC 27602-0791

Amerisource Bergen
PO Box 5804
New York, NY 10087

CPSI
6600 Wall Street
Mobile, AL 36695

Dominion North Carolina Power
PO Box 26543
Richmond, VA 23290

Fisher Healthcare
300 Industry Drive
Pittsburgh, PA 15275

Landmark National Bank
PO Box 308
Manhattan, KS 66502

McKesson Corporation
1950 Stemmons FWY #5010
Dallas, TX 75207

Medline Industries, Inc.
PO Box 382075
Pittsburgh, PA 15251

Quest Diagnostics
PO Box 740736
Atlanta, GA 30374

Town of Plymouth
PO Box 806
Plymouth, NC 27962

American Red Cross Blood Services
PO Box 905890
Charlotte, NC 28290

Beckman Coulter, Inc.
Dept. Ch. 10164
Palatine, IL 60550

Creekridge Capital
PO Box 1880
Minneapolis, MN 55480

ER, LLC
9724 Kingston Pike #1300
Knoxville, TN 37922

iHealthcare, Inc.
3901 NW 28th Street - 2nd Floor
Miami, FL 33142

LGMG, LLC
11063 D S Memorial Drive #483
Tulsa, OK 74133

McNair Oil Co.
PO Box 881
Plymouth, NC 27962

Phusion Marketing Group
5051 NW 13th Avenue, Suite G
Pompano Beach, FL 33064

Ramp Plymouth, PA
3 Traveller Lane
New Bern, NC 28562

Western Healthcare, LLC
PO Box 203152
Dallas, TX 75320

/s/ *Brian R. Anderson*
Brian R. Anderson

ADMIN 35297522v3

**Exhibit A**
**Koenig Affidavit**

*ADMIN 35297523v3*

## UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### GREENVILLE DIVISION

| | |
|---|---|
| **CAH ACQUISITION COMPANY 16, LLC, d/b/a HASKELL COUNTY COMMUNITY HOSPITAL** | **Case No. 19-01227-5-JNC**<br><br>**Chapter 11** |
| **CAH ACQUISITION COMPANY 12, LLC, d/b/a FAIRFAX COMMUNITY HOSPITAL** | **Case No. 19-01697-5-JNC**<br><br>**Chapter 11** |
| **CAH ACQUISITION COMPANY 7, LLC, d/b/a PRAGUE COMMUNITY HOSPITAL,**<br><br>**Debtors.** | **Case No. 19-01298-5-JNC**<br><br>**Chapter 11** |

### AFFIDAVIT OF SUZANNE KOENIG IN SUPPORT OF THE APPLICATION OF THE PATIENT CARE OMBUDSMAN FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF SAK MANAGEMENT SERVICES, LLC AS MEDICAL OPERATIONS ADVISOR, *NUNC PRO TUNC* AS OF APRIL 17, 2019

I, Suzanne Koenig, being duly sworn, deposes and say:

1.      I am President of SAK Management Services, LLC ("**SAK**") and am the Court appointed Ombudsman in the Chapter 11 cases of CAH Acquisition Company 16, LLC, Case No. 15-01227-5, CAH Acquisition Company 12, LLC, Case No. 19-01697-5, and CAH Acquisition Company 7, LLC, Case No. 19-01298-5 (collectively, the "**Cases**"). I submit this affidavit (the "**Affidavit**") on behalf of SAK in support of the Application[1] of Suzanne Koenig as patient care ombudsman (the "**Ombudsman**") for entry of an Order, pursuant to sections 105, 333 and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the retention and employment of SAK, as medical operations advisor for the

---

[1] Capitalized terms used herein but not otherwise defined shall have those meanings set forth in the Application.

Ombudsman, *nunc pro tunc* as of April 17, 2019.  Except as otherwise indicated herein, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.[2]

## QUALIFICATIONS OF SAK MANAGEMENT SERVICES, LLC

2.      SAK has substantial experience in managing and turning around distressed health care businesses.  SAK has served as medical operations advisor in connection with the following cases:  *In re New York Westchester Square Medical Center*, Chapter 11 Case No. 06-13050 (Bankr. S.D.N.Y.); *In re Brotman Medical Center, Inc.*, Chapter 11 Case No. 07-19705 (Bankr. C.D. Cal.); *In re Johnny Kumar Jain, M.D.* Chapter 11 Case No. 10-24550 (Bankr. C.D. Cal.); *In re Meridian Behavioral Health LLC,* Chapter 11 Case No. 11-10860 (Bankr. S.D.N.Y.); *In re Christ Hospital, a New Jersey not-for-profit corporation,* Case No. 12-12906 (Bankr. D. N.J.); *In re ICL Holding Company Inc., et al.,* Case No. 12-13319 (Bankr. D. Del.); *In re Horizon Health Center, Inc.*, Case No. 13-26348 (Bankr. D. N.J.); *In re Fairmont General Hospital, Inc., et al.*, Case No. 13-01054 (Bankr. N.D. W. Va.) and *In re Curae Health, Inc.*, Case No. 18-05665 (Bankr. M.D. Tenn.). SAK's staff consists of experienced and licensed nurses, social workers and dieticians.

## SAK'S DISINTERESTEDNESS

3.      To the best of my knowledge and information after due inquiry, except as disclosed herein, SAK has no connections with the Debtors, their creditors, any other party in interest herein or their respective attorneys or professionals, and does not hold or represent any entity having an adverse interest in connection with these Cases, except as disclosed herein.  For so long as SAK is employed by the Ombudsman, and absent further order of this Court, SAK will not accept employment from any other entity in connection with these Cases.

---

[2] Certain of the disclosures herein relate to matters within the knowledge of other professionals at SAK.

3

4.     In order to prepare this Affidavit, I caused SAK to complete a conflicts check by comparing those names set forth on **Exhibit 1** (the "**Potentially Interested Parties**") to SAK's clients and other connections. This inquiry revealed that SAK has relationships with certain of the Potentially Interested Parties in matters unrelated to the Debtors or these Cases, which relationships are disclosed on **Exhibit 2**.

5.     SAK specializes in the distressed management of health care businesses and may have relationships with parties in interest not currently known to me who may be creditors of the Debtors in matters wholly unrelated to the Debtors or these Cases. To the extent that SAK discovers any such information, SAK will promptly disclose such information to the Court on notice to creditors and the Bankruptcy Administrator.

6.     Based on the foregoing and except as set forth herein, SAK, insofar as I have been able to ascertain based on the information currently available to me, does not represent any interest adverse to the Debtors in the matters upon which SAK is to be engaged. To the best of my knowledge, information and belief, SAK is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that SAK:

(a)     is not a creditor, equity security holder or insider of the Debtors;

(b)     is not, and was not, within two years before the date of filing of the Debtors' chapter 11 petitions, a director, officer, or employee of the Debtor; and

(c)     does not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

7.     No member or employee of SAK is a relative of the Honorable Joseph N. Callaway, the Bankruptcy Judge presiding over these Cases or the Bankruptcy Administrator.

4

## SCOPE OF EMPLOYMENT

8.      The professional services that the Ombudsman expects SAK to render include, but shall not be limited to, the following:

(a)     Conducting interviews of patients and facility staff as required;

(b)     Reviewing license and governmental permits;

(c)     Reviewing adequacy of staffing, supplies and equipment;

(d)     Reviewing safety standards;

(e)     Reviewing facility maintenance issues or reports;

(f)     Reviewing patient, family, staff or employee complaints;

(g)     Reviewing risk management reports;

(h)     Reviewing litigation relating to the Debtors;

(i)     Reviewing patient records;

(j)     Reviewing any possible sale or restructuring of the Debtors and how it impacts patients;

(k)     Reviewing other information, as applicable to the Debtors and these Cases, including, without limitation, patient satisfaction survey results, regulatory reports, utilization review reports, discharged and transferred patient reports, staff recruitment plans and nurse/patient/acuity staffing plans;

(l)     Reviewing various financial information, including, without limitation, current financial statements, cash projections, accounts receivable reports and accounts payable reports to the extent such information may impact patient care; and

(m)     Assisting the Ombudsman with such other services as may be required under the circumstances of these Cases, including any diligence or investigation required for the reports to be submitted by the Ombudsman.

## PROFESSIONAL COMPENSATION

9.      SAK intends to apply for compensation for professional services rendered in connection with these Cases subject to the approval of the Court and in compliance with applicable

5

provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and Orders of the Court, plus reimbursement of actual, necessary expenses and other charges incurred.

10.    SAK has advised the Ombudsman that the current hourly rates applicable to the principal professionals proposed to be employed in connection with the Cases:

| Professional | Rate Per Hour |
| --- | --- |
| Suzanne Koenig | $400 |
| Joyce Ciyou | $375 |
| Anzhelika Shatrov | $375 |
| Helen Figueroa | $100 |

11.    Other professionals will render services to the Ombudsman as needed. Generally, SAK's hourly rates range between $175 and $450. The Ombudsman understands that SAK's hourly rates are subject to periodic adjustments to reflect economic and other conditions. The hourly rates will likely be adjusted upward as of January 1, 2020 and annually thereafter.

12.    The hourly rates set forth above are SAK's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate SAK for its work and to cover fixed and routine overhead expenses. It is SAK's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, mail and express mail charges, special or hand delivery charges, photocopying charges, courier services, overnight delivery services, docket and court filing fees, telecommunications, travel expenses, expenses for working meals, computerized research and any other incidental costs advanced by the firm specifically for these matters, at the rates commonly charged for such costs to other SAK clients. In addition, SAK has advised the Ombudsman that it intends to seek compensation for all time and expenses associated with its retention as a professional, including the preparation of this Application, the Koenig Affidavit, and related documents, as well as any monthly, interim or final fee applications.

13.    Other than as set forth herein, there is no proposed arrangement to compensate

SAK. SAK has not shared, nor agreed to share (a) any compensation it has received or may receive with any other party or person, or (b) any compensation another person or party has received or may receive.

14. By reason of the foregoing, I believe that SAK is eligible to be retained as medical operations advisor in the Cases pursuant to sections 105, 330 and 333 of the Bankruptcy Code and the applicable Bankruptcy Rules.

I declare under penalty of perjury under the laws of the United States of America and the State of Illinois that the foregoing is true and correct.

Executed this 3rd day of June, 2019 at Chicago, Illinois.

SAK MANAGEMENT SERVICES, LLC

By _____
Suzanne A. Koenig,
President of SAK Management Services, LLC


STATE OF ILLINOIS
COUNTY OF COOK

SUBSCRIBED AND SWORN before me
On this 3d day of June, 2019.

_____
Notary Public
My Commission Expires 8-17-19

> OFFICIAL SEAL
> JEAN AYALA
> Notary Public - State of Illinois
> My Commission Expires 8/17/2019

7

## EXHIBIT 1

**Debtors**
CAH Acquisition Company #1, d/b/a Washington County Hospital
CAH Acquisition Company #2, d/b/a Oswego Community Hospital
CAH Acquisition Company #3, d/b/a Horton Community Hospital
CAH Acquisition Company #4, d/b/a Drumright Regional Hospital
CAH Acquisition Company 6, d/b/a I-70 Community Hospital
CAH Acquisition Company 7, d/b/a Prague Community Hospital
CAH Acquisition Company 12, d/b/a Fairfax Community Hospital
CAH Acquisition Company 16, d/b/a Haskell County Community Hospital

**Petitioning Creditors**
Medline Industries, Inc.
Robert Venable M.D.
Washington County, North Carolina

**Chapter 11 Trustee/Professionals**
Thomas W. Waldrep, Jr.
Waldrep LLP
Grant Thornton LLP

**Secured Creditor**
First Capital Corporation

**All Creditors**
Airgas Mid South, Inc.
Alere North America, Inc.
Arnett Carbis Toothman, LLP
Beckman Coulter, Inc.
Boyce & Bynum Pathology Lab
Cardinal Health 411
Cardinal Health-
Pharmacy
Cerner Corporation
City of Drumright
Creek County Treasurer
Farnam Street
First Financial Corp.
First Liberty
Gemino Healthcare Finance
!Healthcare, Inc.
Keith Plummer
LGMG, LLC
M&T Bank

*ADMIN 35297523v3*

McKesson Corporation
McKesson Corporation-RX
Medline Industries, Inc.
Missouri Network Alliance, LLC
OG&E
Oklahoma Blood Institute
Oklahoma Tax commission
Psychiatric Medical Care
Quality Systems, Inc.
Reboot, Inc./HIPPA Guard
Rural Community Hospital of America
Shared Medical
Siemens Healthcare
Sysmex America, Inc
The Medical Protective Company
US Foodservice
2H Refrigeration
3M Company
A&B Eco Safe Pest Control Inc.
AANA
Abbott Diabetes Care, Inc.
Abbott Laboratories, Inc.
Accountable Healthcare Staffing
Accurad Medical Imaging
Accuratenow
Addtronics
Aesculap, Inc.
Air Comfort, Inc.
Air Products and Chemicals
Airco Service Inc.
Airgas USA, LLC
AIV, Inc.
Al Witt Microscope Service
Alco Sales and Service
Alere North America
Allesco
American Association of Bioanalyst
American Proficiency Institute
American Screening Corporation
Anthony Technology, LLC
APS Fireco Tulsa
AT&T
Bayer Healthcare
Beckman Coulter
Bennac Supply - McAlester

BH Media Group
Biote Medical LLC
Boston Scientific Corp.
Briggs Corporation
Brooks Grease Service
Bulbs.com Inc.
Cadmet, Inc.
Camelot Financial Services
Care 24/7, LLC
Careexpand, LLC
Carefusion Solutions, LLC
Channing Bete Company, Inc.
Chemical Systems, Inc.
Chief Diagnostic Services, Inc.
Cimarron Glas & Overhead Door
CIP Consulting
Classey Drumright Floral, LLC
Clia Laboratory Program
Clinical Pathology Laboratories
Cola Inc.
College of American Pathologists
Commercial Medial Electronics
Compliancesigns Inc.
Connections and More Inc.
CPSI
CR Bard, Inc.
Creek County EMS District
Culligan of Tulsa
Cushing Fire & Ambulance Service
Cushing Plumbing Co.
De Lage Landen
De Lage Landen Financial Services
DEA Headquarters
Delphia Publishing LLC
DH Pace Company Inc.
Diagnostic Health Service
Diagnostic Imaging Assoc. Inc.
Diamedical USA Equipment
Diamedical USA Equipment, LLC
Discovery Bank
Double G. Rentals LLC
Drugs of Abuse Testing Lab
Drumright Auto Supply
Drumright Chamber of Commerce

Drumright Regional Hospital Ecolab, Inc.
Economy Supply, Inc.
Empower HMS
Endex, Inc. of Tulsa
EPower Doc, Inc.
EPS, Inc.
Evoqua Water Technologies, LLC
Experien Health
Farnam Street Financial Inc.
Favco Electric
Federal Corporation
Federal Express
Fedex
Flag and Flagpole Express
Flags USA LLC
Foundation Radiology Group
Future Health Concepts, Inc.
Gage Lucky 13, LLC
GE Healthcare
GE Healthcare Fin Services
GE Medical Systems
Glaxosmithklin
Global Equipment Company
Grainger
Green Electrical Supply
H.E.R.C.
Heartland Pathology Consultant
Heldebrandt Consulting LCL
Helga Price PA
Helmer
Hillcrest Medical Center
HMS Health LLC
Horiba Instruments, Inc.
Hospira Worldwide, Inc.
Hot Shot Power Washing, Inc.
Idexx Distribution
In-House Labs, LLC
Iron Mountain Inc.
J&J Health Care System, Inc.
James R. Beymer DO
Joe C. Hall, OBA No. 13643
Katom Restaurant Supply Inc.
Kay Supply LLC
Keith & Associates, Inc.
Klaus Inc.
Laboratory Consultant Solution

Laboratory Supply Company
Landauer Inc.
Larry Murphy RPH
Lighthouse Recruiting LLC
Locke Supply Co.
Love Beal & Nixon PC
Loyal Loans
Luminous of Oklahoma, LLC
Maine Standards Company LLC
MASSCO
Mastercraft Boiler
Matheson Tri-Gas
Mays & Associates Inc.
McKesson Medical Surgical
ME3 Oilfield Services, LLC
Med-Dose Incorporation
Medassure
Medassure Oklahoma
Medical Imaging Solutions Int
Medline
Medtronic USA
Medusind Solutions of Oklahoma
Merry X-ray Chemical Corp.
Midland
Miller Office Equipment
Motorola Solutions Inc.
Murphy's Drug
Novitas Solutions - Part A
Novitas Solutions, Inc.
Now Transcription, LLC
Nustep, Inc.
Office Depot
OK Bureau of Narcotics & Drugs
OK Centralized Support Registr
OK State Department of Health
Oklahoma Chiller Corporation
Oklahoma Department of Labor
Oklahoma Hospital Association
Oklahoma Natural Gas Co.
Oklahoma Osteopathic Associates
Oklahoma State Board Pharmacy
Oklahoma State Dept. of Health
Olympus America Inc.
Opti Medical Systems, Inc.
Ortho Clinical Diagnostics
P&K Equipment Co.

Passport Health Communications, Inc.
Patterson Medical
Physicians Record Company
Pied Piper Services of NA, LLC
Pipette.Com
Pitney Bowes
PMIC
Pointer Communications
Precision Lens
Quill.com
Radiological Solutions
Radsource, LLC
Reboot, Inc.
Recall Secure Destruction
Regional Finance Co of OK
Reliance Wholesale, Inc.
Respironics, Inc.
Rural HospacquisitionLL
Scican, Inc.
See the Traincr-Bellvue
Selectforce, Inc.
Servpro of South Tulsa County
Shamrock Scientific
Shared Medical Services, Inc.
Siemens Healthcare Diagnostics
Silver Bullett Pest Service
Sleeppoz, Inc.
SMC Direct, LLC
Soder Mechanical
SourceOne Healthcare Tech
Spok, Inc.
Standley Systems
Sterilmed, Inc.
Steris Corporation
Stigler News Sentinel
Stryker Flex Financial
Sudden link
Surgical Principals, Inc.
Taylor Technologies, Inc.
The NatL Alliance of Rural Hospital
Threattrack Security
Threattrack Security Inc.
Total Medical Prsnnl Statling
Total Medical, LLC
Trane
Trival CSE

Unipower Corp.
United Linen & Unifonn
Univar USA Inc.
US Department of Education
Warren Cat
WES Enterprises
WM Recycle America
Xactast Environmental LLC

## EXHIBIT 2

Below is a chart setting forth the SAK connections with those persons set forth on Exhibit 1 who are involved in these Cases. All of the disclosures below relate to matters that do not involve the Debtors or these Cases.

| Name of Entity Searched | Brief Description of Relationship |
|---|---|
| Medline Industries, Inc. | SAK operates certain skilled nursing facilities and Medline Industries, Inc. is a vendor for certain of these facilities. |
| McKesson Corporation – RX | SAK operates certain skilled nursing facilities and McKesson Corporation – RX is a vendor for certain of these facilities. |
| Ecolab, Inc. | SAK operates certain skilled nursing facilities and Ecolab, Inc. is a vendor for certain of these facilities. |
| Federal Express | SAK operates certain skilled nursing facilities and Federal Express is a vendor for certain of these facilities. |
| Pitney Bowes | SAK operates certain skilled nursing facilities and Pitney Bowes is a vendor for certain of these facilities. |
| Quill.com | SAK operates certain skilled nursing facilities and Quill.com is a vendor for certain of these facilities. |