UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| **In re:**<br><br>**CAH ACQUISITION COMPANY 12, LLC**<br>**d/b/a FAIRFAX COMMUNITY HOSPITAL,**<br><br>**Debtor.** | Case No. 19-01697-5-JNC<br><br>Chapter 11 |

**TRUSTEE'S MOTION FOR APPROVAL OF CONSENT ORDER AND STIPULATION BY AND BETWEEN THE TRUSTEE AND RURAL WELLNESS FAIRFAX, INC. RESOLVING, IN PART, MOTION SEEKING (I) AN ORDER CONFIRMING THAT (A) CERTAIN STIMULUS FUNDS WERE USED IN ACCORDANCE WITH APPLICABLE TERMS AND CONDITIONS AND (B) TRUSTEE MAY TRANSFER ANY REMAINING STIMULUS FUNDS TO PURCHASERS; AND (II) AN ORDER ELIMINATING ANY LIABILITY OF TRUSTEE AND DEBTORS' ESTATES FOR USE OF STIMULUS FUNDS**

**NOW COMES** Thomas W. Waldrep, Jr., Chapter 11 trustee (the "Trustee") for CAH Acquisition Company 12, LLC d/b/a Fairfax Community Hospital (the "Debtor"), by and through the undersigned counsel, and pursuant to Rule 4001(d) of the Federal Rules of Bankruptcy Procedure, and hereby moves the Court to approve and enter the attached *Consent Order and Stipulation by and between the Trustee and Rural Wellness Fairfax, Inc. Resolving, in Part, Motion Seeking (I) an Order Confirming that (A) Certain Stimulus Funds Were Used in Accordance with Applicable Terms and Conditions and (B) Trustee May Transfer Any Remaining Stimulus Funds to Purchasers; and (II) an Order Eliminating Any Liability of Trustee and Debtors' Estates for Use of Stimulus Funds* (the "Consent Order") by and between the Trustee and Rural Wellness Fairfax, Inc. ("Rural Wellness"). The Consent Order is being submitted simultaneously with this Motion and is attached hereto as Exhibit 1.

1

If, after proper notification to all parties listed on the Certificate of Service, no objections to this Motion are filed, the Trustee and Rural Wellness request the Court to enter the Consent Order.

Respectfully submitted this the 5th of June, 2020.

**WALDREP LLP**

*/s/ Jennifer B. Lyday*
Thomas W. Waldrep, Jr. (NC State Bar No. 11135)
James C. Lanik (NC State Bar No. 30454)
Jennifer B. Lyday (NC State Bar No. 39871)
Francisco T. Morales (NC State Bar No. 43079)
101 S. Stratford Road, Suite 210
Winston-Salem, NC 27104
Telephone: 336-717-1440
Telefax: 336-717-1340
Email: notice@waldrepllp.com

**- and -**

**HENDREN, REDWINE & MALONE, PLLC**

Jason L. Hendren (NC State Bar No. 26869)
Rebecca F. Redwine (NC State Bar No. 37012)
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
Telephone: 919-420-7867
Telefax: 919-420-0475
Email: jhendren@hendrenmalone.com
       rredwine@hendrenmalone.com

*Co-Counsel for the Trustee*

# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| In re:<br><br>CAH ACQUISITION COMPANY 12, LLC<br>d/b/a FAIRFAX COMMUNITY HOSPITAL,<br><br>Debtor. | Case No. 19-01697-5-JNC<br><br>Chapter 11 |

**CONSENT ORDER AND STIPULATION BY AND BETWEEN THE TRUSTEE AND RURAL WELLNESS FAIRFAX, INC. RESOLVING, IN PART, MOTION SEEKING (I) AN ORDER CONFIRMING THAT (A) CERTAIN STIMULUS FUNDS WERE USED IN ACCORDANCE WITH APPLICABLE TERMS AND CONDITIONS AND (B) TRUSTEE MAY TRANSFER ANY REMAINING STIMULUS FUNDS TO PURCHASERS; AND (II) AN ORDER ELIMINATING ANY LIABILITY OF TRUSTEE AND DEBTORS' ESTATES FOR USE OF STIMULUS FUNDS**

This matter is before the Court on that certain MOTION SEEKING (I) AN ORDER CONFIRMING THAT (A) CERTAIN STIMULUS FUNDS WERE USED IN ACCORDANCE WITH APPLICABLE TERMS AND CONDITIONS AND (B) TRUSTEE MAY TRANSFER ANY REMAINING STIMULUS FUNDS TO PURCHASERS; AND (II) AN ORDER ELIMINATING ANY LIABILITY OF TRUSTEE AND DEBTORS' ESTATES FOR USE OF STIMULUS FUNDS [ECF No. 547] (the "**CARES Act Fund Motion**") and the stipulation contained herein. Thomas W. Waldrep, Jr., the duly appointed trustee (the "**Trustee**") for the

1

bankruptcy estate of CAH Acquisition Company 12, LLC d/b/a Fairfax Community Hospital (the "**Fairfax Debtor**"), and Rural Wellness Fairfax, Inc. ("**Rural Wellness**") hereby agree and stipulate as follows:

    A.    The Trustee is administering the bankruptcy estate of the Fairfax Debtor.

    B.    On February 14, 2020, this Court entered the "Order (A) Approving Sale Free and Clear of All Liens, Claims, Interests, and Encumbrances, (B) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Granting Related Relief" [ECF No. 447] (the "**Sale Order**"). Pursuant to the Sale Order, this Court authorized the Trustee to sell to Rural Wellness and Rural Wellness to acquire substantially all of the assets of the Fairfax Debtor, including assignment of certain assumed executory contracts.

    C.    The sale closed on March 20, 2020, and since that date Rural Wellness has been operating the 15-bed hospital known as the Fairfax Community Hospital (the "**Fairfax Hospital**") in Fairfax, Oklahoma.

    D.    The Trustee has received certain stimulus Provider Relief Fund payments through United States Department of Health and Human Services ("**DHHS**") under the Coronavirus Aid, Relief, and Economic Security Act, P.L. 116-136 [HR 748], 134 Stat. 281 (signed into law Mar. 27, 2020) (the "**CARES Act**"), which is administered by DHHS.

    E.    Specifically, the Trustee has received $3,003,389.37[1] cash in CARES Act fund payments on account of the Fairfax Hospital (the "**Fairfax Fund Payments**").

    F.    On May 15, 2020, the Trustee filed the CARES Act Fund Motion.

    G.    Pursuant to the CARES Act Fund Motion, the Trustee contends that $526,858.01 of the Fairfax Fund Payments (the "**Used Funds**") represent lost "revenue due to the coronavirus

---

[1] The Trustee received additional stimulus funds in the amount of $98,922.84 on May 20, 2020, after the CARES Act Fund Motion was filed.

between February 1, 2020 and the Fairfax Closing Date." Motion at ¶ 67. The Trustee further contends that he should be permitted to transfer to Rural Wellness $2,476,531.36 of the Fairfax Fund Payments (the "**Unused Funds**").

H.  Rural Wellness contends that (a) all of the Fairfax Fund Payments do not constitute "property of the estate" under 11 U.S.C. § 541(a); (b) if such funds do constitute "property of the estate", the right to such funds were transferred to Rural Wellness as part of the sale; (c) the Trustee cannot establish that any of the Used Funds replace lost revenues due to the coronavirus between February 1, 2020 and March 20, 2020; and (d) Rural Wellness should not bear any liability for any Fairfax Fund Payments that the Trustee retains use and control over.

I.  Rural Wellness has served on the Trustee a notice of deposition and request for production of documents in connection with the relief sought by the Trustee in the CARES Act Fund Motion (the "**Served Discovery**").

J.  The parties hereto desire to resolve several matters relating to the CARES Act Fund Motion and establish a briefing and hearing schedule for all unresolved matters.

In light of the foregoing, the Trustee and Rural Wellness, whose representatives have signed below, do stipulate and agree as follows, and based upon this stipulation **IT IS ORDERED, ADJUDGED, AND DECREED** that:

1.  The Trustee shall transfer, within two business days of entry of this Consent Order, to Rural Wellness all Unused Funds, which shall be deemed the property of Rural Wellness and which transfer shall be deemed valid and not subject to later challenge by any party in interest; provided, however, that (a) only Rural Wellness can attest under the CARES Act and applicable regulations to the use of such transferred funds; and (b) the Trustee and the Fairfax

3

Debtor's estate shall have no liability for any attestation made by Rural Wellness or the Trustee's initial receipt of such transferred funds.

2. On _____, 2020, this Court shall conduct a non-evidentiary hearing (the "**Legal Issues Hearing**") on whether (a) all of the Fairfax Fund Payments constitute "property of the estate" under 11 U.S.C. § 541(a); and (b) if such funds do constitute "property of the estate", the right to such funds was transferred to Rural Wellness as part of the sale. Neither Rural Wellness nor the Trustee shall assert that there are any disputed material facts concerning such issues.

3. On _____, 2020, the Trustee shall file with the Court and serve on counsel to Rural Wellness a brief on the two issues identified in paragraph 2 hereof, and on _____, 2020, Rural Wellness shall file with the Court and serve on counsel to the Trustee a reply brief on such issues.

4. In the event that this Court determines that the Trustee has prevailed on all matters in connection with the Legal Issues Hearing, this Court will schedule a further evidentiary hearing on all remaining matters concerning the relief sought by the Trustee in the CARES Act Fund Motion, and Rural Wellness shall be entitled to proceed with the Served Discovery.

5. In the event that this Court determines that the Trustee may not retain possession of any of the Used Funds, the Trustee shall transfer to Rural Wellness such funds within two business days of entry of a final, non-appealable order, which funds shall be treated in accordance with paragraph 1 of this Consent Order.

6. For any Used Funds that this Court determines the Trustee may retain, only the Trustee can attest to their use under the CARES Act and applicable regulations; and (b) Rural Wellness and the Fairfax Hospital shall have no liability for any attestation made by the Trustee.

7. All parties in interest with notice and opportunity to object, including DHHS, shall be bound by and shall comply with the provisions of this Consent Order.

8. Subject to the provisos in paragraphs 1, 6 and 7 hereof, nothing herein shall affect the jurisdiction or regulatory authority of DHHS in respect of the use, monitoring, and enforcement of the rights of DHHS under and in connection with the CARES Act.

SO STIPULATED AND AGREED to today, June 5, 2020.

| **RURAL WELLNESS FAIRFAX, INC.** | **TRUSTEE OF CAH ACQUISITION COMPANY 12, LLC** |
|---|---|
| /s/ *Britt Ricks* | */s/ Thomas W. Waldrep, Jr.* |
| Ethridge B. "Britt" Ricks | Thomas W. Waldrep, Jr. |
| NC Bar No. 48046 | NC Bar No. 11135 |
| McGuireWoods LLP | Waldrep LLP |
| Fifth Third Center | 101 S. Stratford Road, Suite 210 |
| 201 North Tryon Street, Suite 3000 | Winston-Salem, NC 27104 |
| Charlotte, NC 28202 | Telephone: 336-717-1440 |
| Telephone: 704.343.2235 | Fax: 336-717-1340 |
| Fax: 704.373.8829 | Email: notice@waldrepllp.com |
| Email: bricks@mcguirewoods.com | *Chapter 11 Trustee of CAH Acquisition Company 12, LLC* |
| *Counsel for Rural Wellness Fairfax, Inc.* | |

AND

/s/ *Eric Winston*
Eric Winston
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Telephone: 213.443.3602
Fax: 213.443.3100
Email: ericwinston@quinnemanuel.com
*Counsel for Rural Wellness Fairfax, Inc.*

**END OF DOCUMENT**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| **In re:**<br><br>**CAH ACQUISITION COMPANY 12, LLC**<br>**d/b/a FAIRFAX COMMUNITY HOSPITAL,**<br><br>**Debtor.** | Case No. 19-01697-5-JNC<br><br>Chapter 11 |

**NOTICE OF OPPORTUNITY FOR HEARING ON TRUSTEE'S MOTION FOR APPROVAL OF CONSENT ORDER AND STIPULATION BY AND BETWEEN THE TRUSTEE AND RURAL WELLNESS FAIRFAX, INC. RESOLVING, IN PART, MOTION SEEKING (I) AN ORDER CONFIRMING THAT (A) CERTAIN STIMULUS FUNDS WERE USED IN ACCORDANCE WITH APPLICABLE TERMS AND CONDITIONS AND (B) TRUSTEE MAY TRANSFER ANY REMAINING STIMULUS FUNDS TO PURCHASERS; AND (II) AN ORDER ELIMINATING ANY LIABILITY OF TRUSTEE AND DEBTORS' ESTATES FOR USE OF STIMULUS FUNDS**

NOTICE IS HEREBY GIVEN that, on June 5, 2020, the Trustee filed the **TRUSTEE'S MOTION FOR APPROVAL OF CONSENT ORDER AND STIPULATION BY AND BETWEEN THE TRUSTEE AND RURAL WELLNESS FAIRFAX, INC. RESOLVING, IN PART, MOTION SEEKING (I) AN ORDER CONFIRMING THAT (A) CERTAIN STIMULUS FUNDS WERE USED IN ACCORDANCE WITH APPLICABLE TERMS AND CONDITIONS AND (B) TRUSTEE MAY TRANSFER ANY REMAINING STIMULUS FUNDS TO PURCHASERS; AND (II) AN ORDER ELIMINATING ANY LIABILITY OF TRUSTEE AND DEBTORS' ESTATES FOR USE OF STIMULUS FUNDS** (the "Motion").

FURTHER NOTICE IS HEREBY GIVEN that the Motion filed by the Trustee may be allowed provided no response and request for hearing are delivered by a party-in-interest in writing to the Office of the Clerk, United States Bankruptcy Court, P.O. Box 791, Raleigh, NC **27602, by 5:00 p.m. (prevailing Eastern Time) on June 22, 2020**, and,

FURTHER NOTICE IS HEREBY GIVEN that, if a response and request for hearing is filed by a party-in-interest in writing within the time indicated, a hearing will be conducted on the Motion and any responses thereto before the United States Bankruptcy Court for the Eastern District of North Carolina, and all interested parties will be notified accordingly.

If no request for hearing is timlely filed, the Court may rule on the Motion and any Response thereto *ex parte* without further notice.

Respectfully submitted, this the 5th day of June, 2020.

1

**WALDREP LLP**

*/s/ Jennifer B. Lyday*
Thomas W. Waldrep, Jr. (NC State Bar No. 11135)
James C. Lanik (NC State Bar No. 30454)
Jennifer B. Lyday (NC State Bar No. 39871)
Francisco T. Morales (NC State Bar No. 43079)
101 S. Stratford Road, Suite 210
Winston-Salem, NC 27104
Telephone: 336-717-1440
Telefax: 336-717-1340
Email: notice@waldrepllp.com

**- and -**

**HENDREN, REDWINE & MALONE, PLLC**

Jason L. Hendren (NC State Bar No. 26869)
Rebecca F. Redwine (NC State Bar No. 37012)
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
Telephone: 919-420-7867
Telefax: 919-420-0475
Email: jhendren@hendrenmalone.com
       rredwine@hendrenmalone.com

*Co-Counsel for the Trustee*

2