**SO ORDERED.**

**SIGNED this 8 day of July, 2020.**



_____
**Joseph N. Callaway
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| **In re:**<br><br>**CAH ACQUISITION COMPANY 12, LLC**<br>**d/b/a FAIRFAX COMMUNITY HOSPITAL,**<br><br>Debtor. | Case No. 19-01697-5-JNC<br><br>Chapter 11 |

**AMENDED CONSENT ORDER AND STIPULATION BY AND BETWEEN THE
TRUSTEE AND RURAL WELLNESS FAIRFAX, INC. RESOLVING, IN PART,
MOTION SEEKING (I) AN ORDER CONFIRMING THAT (A) CERTAIN STIMULUS
FUNDS WERE USED IN ACCORDANCE WITH APPLICABLE TERMS AND
CONDITIONS AND (B) TRUSTEE MAY TRANSFER ANY REMAINING STIMULUS
FUNDS TO PURCHASERS; AND (II) AN ORDER ELIMINATING ANY LIABILITY OF
TRUSTEE AND DEBTORS' ESTATES FOR USE OF STIMULUS FUNDS**

This matter is before the Court on that certain MOTION SEEKING (I) AN ORDER CONFIRMING THAT (A) CERTAIN STIMULUS FUNDS WERE USED IN ACCORDANCE WITH APPLICABLE TERMS AND CONDITIONS AND (B) TRUSTEE MAY TRANSFER ANY REMAINING STIMULUS FUNDS TO PURCHASERS; AND (II) AN ORDER ELIMINATING ANY LIABILITY OF TRUSTEE AND DEBTORS' ESTATES FOR USE OF STIMULUS FUNDS [ECF No. 547] (the "**CARES Act Fund Motion**") and the stipulation contained herein. Thomas W. Waldrep, Jr., the duly appointed trustee (the "**Trustee**") for the

1

bankruptcy estate of CAH Acquisition Company 12, LLC d/b/a Fairfax Community Hospital (the "**Fairfax Debtor**"), and Rural Wellness Fairfax, Inc. ("**Rural Wellness**") hereby agree and stipulate as follows:

A. The Trustee is administering the bankruptcy estate of the Fairfax Debtor.

B. On February 14, 2020, this Court entered the "Order (A) Approving Sale Free and Clear of All Liens, Claims, Interests, and Encumbrances, (B) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Granting Related Relief" [ECF No. 447] (the "**Sale Order**"). Pursuant to the Sale Order, this Court authorized the Trustee to sell to Rural Wellness and Rural Wellness to acquire substantially all of the assets of the Fairfax Debtor, including assignment of certain assumed executory contracts.

C. The sale closed on March 20, 2020, and since that date Rural Wellness has been operating the 15-bed hospital known as the Fairfax Community Hospital (the "**Fairfax Hospital**") in Fairfax, Oklahoma.

D. The Trustee has received certain stimulus Provider Relief Fund payments through United States Department of Health and Human Services ("**DHHS**") under the Coronavirus Aid, Relief, and Economic Security Act, P.L. 116-136 [HR 748], 134 Stat. 281 (signed into law Mar. 27, 2020) (the "**CARES Act**"), which is administered by DHHS.

E. Specifically, the Trustee has received $3,003,389.37[1] cash in CARES Act fund payments on account of the Fairfax Hospital (the "**Fairfax Fund Payments**").

F. The Trustee received the Fairfax Fund Payments because the Trustee holds the tax identification number (the "**TIN**") that, under the CARES Act, is the mechanism by which a

---

[1] The Trustee received additional stimulus funds in the amount of $98,922.84 on May 20, 2020, after the CARES Act Fund Motion was filed.

recipient of CARES Act funds receives such funds and can attest to the use of such funds.

G. The TIN and the bank account into which the Fairfax Fund Payments were received constitute property of the Fairfax Debtor's estate and using Fairfax Fund Payments is subject to 11 U.S.C. § 363.

H. On May 15, 2020, the Trustee filed the CARES Act Fund Motion.

I. Pursuant to the CARES Act Fund Motion, the Trustee contends that $526,858.01 of the Fairfax Fund Payments (the "**Used Funds**") represent lost "revenue due to the coronavirus between February 1, 2020 and the Fairfax Closing Date." Motion at ¶ 67. The Trustee further contends that he should be permitted to transfer to Rural Wellness $2,476,531.36 of the Fairfax Fund Payments (the "**Unused Funds**"). Rural Wellness objected to the CARES Act Motion.

J. On June 5, 2020, the Trustee filed the *Trustee's Motion Pursuant To 11 U.S.C. §§ 363 And 105(A) And Federal Rule Of Bankruptcy Procedure 9019(A) For Approval Of Consent Order And Stipulation By And Between The Trustee And Rural Wellness Fairfax, Inc. Resolving Motion Seeking (I) An Order Confirming That (A) Certain Stimulus Funds Were Used In Accordance With Applicable Terms And Conditions And (B) Trustee May Transfer Any Remaining Stimulus Funds To Purchasers; And (Ii) An Order Eliminating Any Liability Of Trustee And Debtors' Estates For Use Of Stimulus Funds* (the "**Original Consent Motion**") [ECF No. 589] pursuant to which the Trustee sought this Court's authority to transfer to Rural Wellness the Unused Funds so that such funds could be used by the Fairfax Hospital to address the COVID-19 crisis and establish a procedure for resolving disputes regarding the Used Funds.

K. On June 22, 2020, DHHS filed a response to the Original Consent Motion, contending that transferring funds from the Fairfax Debtor's estate to Rural Wellness, as purchaser,

would purportedly "violate DHHS's express nationwide policy prohibiting the transfer of payments received from the Provider Relief Fund ('PRF') to a third party." [ECF No. 611 at 2].

L. At the Trustee's request, the Court continued the hearing on the Original Consent Motion and did not rule on DHHS's response.

M. As set forth in Exhibit "A" hereto, the parties hereto desire to settle and resolve all matters relating to the CARES Act Fund Motion and amend the Original Consent Motion so as to permit the Unused Funds to be used to address COVID-19 matters at the Fairfax Hospital in a manner that does not violate the CARES Act or the details for the requirements for receipt, acceptance and usage of payments from PRF as has been published by DHHS on its website at www.hhs.gov/coronavirus/cares-act-provider-relief-fund/index.html (the "**Fairfax Hospital Resolution**").

N. The CARES Act, with regards to the PRF, states "[t]hat 'eligible health care providers' means public entities, Medicare or Medicaid enrolled suppliers and providers, and such for-profit entities and not for profit entities not otherwise described in this proviso as the Secretary may specify, within the United States (including territories), that provide diagnoses, testing, or care for individuals with possible or actual cases of COVID-19." Consistent with the CARES Act's definition of an eligible health care provider, Fairfax Hospital continues to be a Medicare and Medicaid enrolled supplier and provider.

O. The CARES Act also states that payments shall be made in consideration of the most efficient payment systems practicable to provide emergency payment. The terms and conditions concerning acceptance of PRF funds discusses use of such funds by subrecipients and subgrantees. The Trustee and Rural Wellness intend for Fairfax Hospital to serve as a subrecipient and/or subgrantee that continues to provide diagnoses, testing, or care for indivdiuals with possible

or actual cases of COVID-19 to the same patient population, consistent with the applicable terms and conditions existing at the time of the CARES Act Fund Motion.

In light of the foregoing, the Trustee and Rural Wellness, whose representatives have signed below, do stipulate and agree as follows, and based upon this stipulation **IT IS ORDERED, ADJUDGED, AND DECREED** that:

1. Pursuant to 11 U.S.C. §§ 541(a), 363(b), and 105(a) and Federal Rule of Bankruptcy Procedure 9019(a), the Trustee is authorized to agree to and implement the settlement and use of the TIN and Fairfax Fund Payments, as set forth on Exhibit "A" hereto.

2. Granting the relief requested is not barred by any provision of the CARES Act or any regulation adopted by DHHS concerning the PRF, but furthers the purpose of the CARES Act and the PRF.

3. For purposes of the use of Unused Funds, Fairfax Hospital shall be a subrecipient and/or subgrantee within the meaning of the terms and conditions governing the use of such Unused Funds.

4. Any and all objections to the Amended Consent Motion are overruled.

5. For the Used Funds, only the Trustee can attest to their use under the CARES Act, applicable regulations, and sub-regulatory guidance; and Rural Wellness and the Fairfax Hospital shall have no liability for any attestation made by the Trustee, and no party shall be entitled to setoff or recoup monies owed to the Fairfax Hospital on account of or relating to the Used Funds.

6. Subject to the terms and conditions of the Fairfax Hospital Resolution, for any Unused Funds, only the Trustee can attest to their use under the CARES Act,

applicable regulations, and sub-regulatory guidance.

7. All parties in interest with notice and opportunity to object, including DHHS, shall be bound by and shall comply with the provisions of this Consent Order.

8. Subject to the terms and conditions of Exhibit "A" hereto, nothing herein shall affect the jurisdiction or regulatory authority of DHHS in respect of the use, monitoring, and enforcement of the rights of DHHS under and in connection with the CARES Act.

SO STIPULATED AND AGREED to today, July 2, 2020.

| **RURAL WELLNESS FAIRFAX, INC.** | **TRUSTEE OF CAH ACQUISITION COMPANY 12, LLC** |
|---|---|
| /s/ *Britt Ricks* | */s/ Thomas W. Waldrep, Jr.* |
| Ethridge B. "Britt" Ricks | Thomas W. Waldrep, Jr. |
| NC Bar No. 48046 | NC Bar No. 11135 |
| McGuireWoods LLP | Waldrep LLP |
| Fifth Third Center | 101 S. Stratford Road, Suite 210 |
| 201 North Tryon Street, Suite 3000 | Winston-Salem, NC 27104 |
| Charlotte, NC 28202 | Telephone: 336-717-1440 |
| Telephone: 704.343.2235 | Fax: 336-717-1340 |
| Fax: 704.373.8829 | Email: notice@waldrepllp.com |
| Email: bricks@mcguirewoods.com | *Chapter 11 Trustee of CAH Acquisition Company 12, LLC* |
| *Counsel for Rural Wellness Fairfax, Inc.* | |

AND

/s/ *Eric Winston*
Eric Winston
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Telephone: 213.443.3602
Fax: 213.443.3100
Email: ericwinston@quinnemanuel.com
*Counsel for Rural Wellness Fairfax, Inc.*

**END OF DOCUMENT**

# AMENDED CONSENT ORDER
# EXHIBIT "A"

## FAIRFAX HOSPITAL RESOLUTION AGREEMENT

Thomas W. Waldrep, Jr., Chapter 11 trustee (the "Trustee") for CAH Acquisition Company 12, LLC d/b/a Fairfax Community Hospital (the "Fairfax Debtor") and Rural Wellness Fairfax, Inc. ("Rural Wellness") agree and settle in full and complete resolution of the "TRUSTEE'S AMENDED MOTION PURSUANT TO 11 U.S.C. §§ 363 AND 105(a) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019(a) FOR APPROVAL OF CONSENT ORDER AND STIPULATION BY AND BETWEEN THE TRUSTEE AND RURAL WELLNESS FAIRFAX, INC. RESOLVING MOTION SEEKING (I) AN ORDER CONFIRMING THAT (A) CERTAIN STIMULUS FUNDS WERE USED IN ACCORDANCE WITH APPLICABLE TERMS AND CONDITIONS AND (B) TRUSTEE MAY TRANSFER ANY REMAINING STIMULUS FUNDS TO PURCHASERS; AND (II) AN ORDER ELIMINATING ANY LIABILITY OF TRUSTEE AND DEBTORS' ESTATES FOR USE OF STIMULUS FUNDS" (the "**Amended Consent Motion**").  All terms not otherwise defined herein have the same meanings as defined in the Amended Consent Motion.

1. Within two (2) business days after entry of a final, non-appealable order approving the Amended Consent Motion (the "**Agreement Effective Date**"), the Trustee shall transfer, to a segregated account maintained at and under the control of the Fairfax Hospital, all of the Unused Funds; *provided, however*, that notwithstanding entry of an order approving the Amended Consent Motion, prior to the expiration of any time for appealing such order, Rural Wellness shall have the sole and absolute discretion to terminate this Agreement, and shall have no liability to the Trustee, the Fairfax Debtor's estate, or any creditor of the Fairfax Debtor' estate for any matter arising from or relating to this Agreement.

2. Upon the Agreement Effective Date:

  a. The Trustee shall direct Fairfax Hospital to use the Unused Funds solely for allowed purposes under the CARES Act;

  b. Fairfax Hospital shall provide all documentation and assistance so that the Trustee can attest to the use of the Unused Funds by Fairfax Hospital; and

  c. In the event of any audit, challenge, or dispute to the Trustee's attestation or use of the Unused Funds ("**Attestation Challenge**"), Fairfax Hospital shall be directed to respond to such Attestation Challenge. The Trustee shall cooperate with Fairfax Hospital in responding to such Attestation Challenge; *provided, however*, that the Trustee shall not object to or oppose any resolution to such Attestation Challenge proposed by the Fairfax Hospital.

3. Fairfax Hospital shall obtain from its existing lender an irrevocable line of credit, in an amount equal to the amount of the Unused Funds plus $100,000, which shall be available to Fairfax Hospital solely to (a) fund any return of Unused Funds that the Fairfax Hospital does not use, is ordered to return to DHHS, or agrees to return to DHHS; and (b) fund the direct costs, including reasonable attorney's fees, if any, incurred by the Trustee in connection with an Attestation Challenge that is in excess of 2% of the Unused Funds.

4. Fairfax Hospital waives and releases any claim to the Used Funds. Fairfax Hospital shall provide the Trustee any information reasonably requested and reasonable cooperation that the Trustee requires in order to attest for and report to DHHS regarding the use of the Used Funds; *provided, however*, for avoidance of doubt neither Fairfax Hospital nor Rural Wellness shall be obligated to support the Trustee's attestation in respect of the Used Funds. The Trustee shall name Rural Wellness and Fairfax Hospital as beneficiaries under the Trustee's bond to the extent of any liability either incurs in connection with the Trustee's use of Used Funds.

5.      In exchange for the Trustee's agreement to administer the subgrant and the Trustee's attestation and to compensate the estate for professional fees related to the Trustee's attestation efforts and any future audit thereof, Fairfax Hospital shall, within thirty (30) days of the transfer of the Unused Funds in accordance with paragraph 1 hereof, transfer to the Fairfax Debtor's estate cash equal to two percent (2%) of the Unused Funds.

6.      To the extent the Trustee receives any future CARES Act funds on account of the Fairfax Hospital, such funds will be transferred to the Fairfax Hospital as Unused Funds under the same procedures as set forth herein, and Fairfax Hospital shall transfer to the Fairfax Debtor's estate cash equal to the percentage of such funds provided for in paragraph 5 hereof. The parties will cooperate with one another if DHHS requires an application process for such funds.