**SO ORDERED.**

**SIGNED this 22 day of June, 2023.**

_____
**Joseph N. Callaway
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### GREENVILLE DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| CAH ACQUISITION COMPANY #1, LLC, ) | Case No. 19-00730-5-JNC |
| d/b/a WASHINGTON COUNTY HOSPITAL, ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |
| In re: ) | |
| ) | |
| CAH ACQUISITION COMPANY #2, LLC, ) | Case No. 19-01230-5-JNC |
| d/b/a OSWEGO COMMUNITY HOSPITAL, ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |
| In re: ) | |
| ) | |
| CAH ACQUISITION COMPANY #3, LLC, ) | Case No. 19-01180-5-JNC |
| d/b/a HORTON COMMUNITY HOSPITAL, ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |
| In re: ) | |
| ) | |
| CAH ACQUISITION COMPANY 6, LLC, ) | Case No. 19-01300-5-JNC |
| d/b/a I-70 COMMUNITY HOSPITAL, ) | Chapter 7 |
| ) | |
| Debtor. ) | |

| | |
|---|---|
| In re: ) <br> ) <br> CAH ACQUISITION COMPANY 7, LLC, ) <br> d/b/a PRAGUE COMMUNITY HOSPITAL, ) <br> ) <br> _____Debtor._____ ) | Case No. 19-01298-5-JNC <br> Chapter 11 |
| In re: ) <br> ) <br> CAH ACQUISITION COMPANY 12, LLC, ) <br> d/b/a FAIRFAX COMMUNITY HOSPITAL, ) <br> ) <br> _____Debtor._____ ) | Case No. 19-01697-5-JNC <br> Chapter 11 |
| In re: ) <br> ) <br> CAH ACQUISITION COMPANY 16, LLC, ) <br> d/b/a HASKELL COUNTY COMMUNITY ) <br> HOSPITAL, ) <br> ) <br> _____Debtor._____ ) | Case No. 19-01227-5-JNC <br> Chapter 11 |

**ORDER ON COMPENSATION FOR SPECIAL COUNSEL**
**MCDONALD HOPKINS, LLP, FOR LITIGATION FUNDING PROCUREMENT**

The matter before the Court is contained in the Motion for Order Authorizing and Approving (I) Litigation Funding Agreement with Omni Bridgeway (Fund 4) INVT. 3 L.P.; (II) Engagement Agreement with McDonald Hopkins, LLP, related to Litigation Funding; and (III) Engagement Agreements with Waldrep Wall Babcock and Bailey, PLLC, and McDonald Hopkins, LLP, Related to Litigation Funding, Effective from and after April 15, 2023 (Dkt. 1580; the "Motion"). The Motion was filed on May 23, 2023, by Thomas W. Waldrep, Jr., in his capacity as trustee of the estates of the above-captioned Debtors ("Trustee"). This order is limited to the request listed in component (II) above concerning compensation sought by special litigation counsel, McDonald Hopkins, LLP, for its work related to obtaining procurement of the Litigation Funding Agreement. The Bankruptcy Administrator filed a response to the Motion (Dkt. 1588; the "Response") on June 13, 2023. The Motion and Response were heard by the court on June 20, 2023, in Greenville, North Carolina.

At the hearing, after considering the evidence presented and arguments of counsel, components (I) and (III) of the Motion were approved in part. A separate order regarding the same was entered on June 22, 2023 (Dkt. 1593). In support of the relief requested in component (II), the court also considered the Affidavit of Marc Carmel (Dkt. 1586; the "Affidavit") filed June 5, 2023. In the Affidavit, Mr. Carmel details the work, time and effort expended in obtaining the Litigation Funding Agreement now approved by the court. The services were rendered between December 15, 2021, and May 23, 2023, as detailed and itemized in Exhibit A attached to the Affidavit. The compensation sought totals $90,665.50 when calculated at the firm's normal hourly rates for the professionals listed. McDonald Hopkins then seeks to double that compensation to $181,331.00 based on risk, value, and success.

2

McDonald Hopkins argues that the nature, value, and risk of the matter should be considered as a broker fee request rather than attorney time. However, McDonald Hopkins never sought and was not employed as a broker for the Litigation Trusts and the Trustee in these cases. It therefore has no authority to seek broker compensation. Even if such employment had been sought, the court was unlikely to grant the same. McDonald Hopkins is employed as special litigation counsel for the Litigation Trusts and Trustee, and as such it and its attorneys owe a higher degree of loyalty and professionalism than any mere broker. In fact, from the record it appears McDonald Hopkins has provided that higher degree of loyalty and professionalism in this matter that the court expects. The work in obtaining litigation funding is well within attorney work scope.

For these reasons and others appearing of record, the court declined to treat the request as a broker fee, but instead, reviewed the matter as a legal fee request made under sections 330 and 331 of the Bankruptcy Code, plus a request for fee enhancement. The court has reviewed and finds that the underlying fee request, for the actual and detailed time set forth in the Affidavit, was reasonable and necessary work for the Litigation Trusts and Trustee performed within the scope of McDonald Hopkins' employment. The $90,665.50 base fee sought is accordingly approved as stated at the hearing.

The court next considered whether an enhancement of the base amount would be warranted under factors enumerated by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), adopted in the Fourth Circuit as the test for fee enhancement in *Barber v. Kimbrell's, Inc.,* 577 F.2d 216, 226 (4th Cir.), *cert. denied,* 439 U.S. 934, 99 S.Ct. 329, 58 L.Ed.2d 330 (1978). After reviewing the "Johnson Factors" applicable here, the court declines to double the base fee, finding that the work does not merit such a large enhancement. However, the request for some enhancement is appropriate given the associated risks and success. The court in its discretion awards a success bonus in the amount of $34,334.50 for a total approved fee of $125,000.00 (including costs). The amount was announced in open court at the hearing and no party present objected.

THEREFORE, it is ORDERED and DECREED that compensation and fees for McDonald Hopkins, LLP, as special counsel for the Trustee, is ALLOWED and GRANTED in the total amount of $125,000 for the work performed between December 15, 2021, through May 23, 2023, specified in Exhibit A attached to the Affidavit and sought in the Motion. Such amount may be paid by the Trustee from proceeds drawn from the approved Litigation Funding Agreement approved in the Litigation Funding Order when appropriate in his business judgment.

**END OF DOCUMENT**